Argued and submitted July 31, ballot title referred to Attorney General for modification October 4, 2001
Modified ballot title certified October 19, 2001 (332 Or 618, 34 P3d 664)

Tricia BOSAK
and James Sager,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S48563)

33 P3d 970

Margaret S. Olney, of Smith, Gamson, Diamond & Olney, argued the cause and filed the petition for petitioners.

David F. Coursen, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, Riggs, and De Muniz, Justices.*

DE MUNIZ, J.

* Balmer, J., did not participate in the consideration or decision of this case.

## DE MUNIZ, J.

Petitioners in this ballot title review proceeding challenge two aspects of the Attorney General's certified ballot title for a proposed initiative measure, which the Secretary of State denominated as Initiative Petition 45 (2002). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035. *See* ORS 250.085(5) (setting out standard of review).

The proposed measure would amend the Oregon Constitution to allow an employee to refuse to pay for union services that the employee does not wish to receive. The Attorney General certified the following ballot title for the proposed measure:

"AMENDS CONSTITUTION: ALLOWS WORKPLACE EMPLOYEES REPRESENTED BY RECOGNIZED UNION TO REFUSE TO PAY FOR UNION REPRESENTATION 'SERVICES'

"RESULT of 'YES' VOTE: 'Yes' vote allows individual employee in workplace represented by union to refuse payment for undesired union 'services' without modifying union's obligation to represent each employee.

"RESULT OF 'NO' VOTE: 'No' vote retains current law, rejects allowing union workplace employee to refuse payment for undesired union 'services' without modifying union's obligation to represent each employee.

"SUMMARY: Amends constitution. Under current law, when majority of workplace employees select union as collective bargaining representative, that union must fairly represent all workplace employees and may require all employees to contribute to representation costs. Measure allows an individual employee to refuse to pay for representation 'services' by identifying unwanted 'services' in writing. Measure does not change union's existing obligation to bargain for and represent all covered employees. Measure does not define 'service' or provide formula for valuing specific 'services.' Measure affects existing contract provisions that require payment for representation; expressly prohibits future contracts from requiring such payment. Measure

requires union to notify employees of right to withhold payment to union and prohibits discrimination or harassment of employee for exercising that right. Imposes penalties. Other provisions."

Petitioners challenge the caption and the summary of the certified ballot title. Petitioners' argument regarding the caption is not well taken. We turn to petitioners' argument regarding the summary.

Petitioners argue that the clause in the summary stating that a "union must fairly represent all workplace employees and may require all employees to contribute to representation costs" misstates current law. *See Dale v. Kulongoski*, 321 Or 108, 113, 894 P2d 462 (1995) (ballot title should not misstate existing law, even by implication). Petitioners maintain, and we agree, that a union may require cost sharing by employees only through a negotiated collective bargaining agreement.[1] Petitioners contend that the Attorney General's wording incorrectly implies that unions unilaterally may require all employees in the workplace to contribute to representation costs. The Attorney General appears to agree that union representation costs may be assessed against employees who are not union members only as part of a negotiated collective bargaining agreement, but denies that the disputed clause could create any other impression.

We agree with petitioners. The Attorney General's clause likely will mislead voters into believing that, under current law, a union unilaterally may require employees to pay for representation services that they do not desire. Because the Attorney General's summary impliedly misstates current law, it does not comply substantially with ORS

---

[1] Unions and employers operating in the private sector negotiate various forms of union security agreements. *See* Patrick Hardin et al., eds., *The Developing Labor Law: The Board, the Courts, and the National Labor Relations Act* (3rd ed 1992). In Oregon's public sector, ORS 243.666 authorizes the negotiation of "fair share" agreements, as defined in ORS 243.650(10), to address union security. *See Elvin v. OPEU*, 313 Or 165, 170, 832 P2d 36 (1992) (discussing "fair share" agreements). Union and employers negotiate union security agreements to avoid the "free rider" problem. *See Dale v. Kulongoski*, 321 Or 108, 111-12, 894 P2d 462 (1995) (discussing "free rider" issue).

250.035(2)(d) (requiring a "concise and impartial statement
* * * summarizing the state measure and its major effect").

Having concluded that the summary does not comply substantially with ORS 250.035(2)(d), we refer the ballot title to the Attorney General for modification.

Ballot title referred to the Attorney General for modification.