On modified ballot title filed October 11,* modified ballot title certified
October 19, 2001

Tricia BOSAK
and James Sager,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S48563)

34 P3d 664

David F. Coursen, Assistant Attorney General, Salem,
filed the filing of modified ballot title for respondent. With
him on the filing were Hardy Myers, Attorney General, and
Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, and Gillette, Durham,
Leeson, Riggs, and De Muniz, Justices.**

---

* 332 Or 552, 33 P3d 970 (2001) (referring ballot title for modification).

** Balmer, J., did not participate in the consideration or decision of this case.

The court in this ballot title review proceeding determined that the Attorney General's certified ballot title for a proposed initiative measure, which the Secretary of State denominated as Initiative Petition 45 (2002), failed to comply substantially with statutory standards. *Bosak v. Myers*, 332 Or 552, 33 P3d 970 (2001). Under Oregon Laws 2001, chapter 802, section 2 (now codified as ORS 250.085(8)), the court referred the ballot title to the Attorney General for modification. The Attorney General has filed a modified ballot title for the proposed initiative measure, and no party to the ballot title review proceeding has objected. *See* ORS 250.085(9) (setting out period within which party may object to modified ballot title and requiring court to certify modified ballot title if no objection filed).

The modified ballot title for Initiative Petition 45 (2002) states:

"AMENDS CONSTITUTION: ALLOWS WORKPLACE EMPLOYEES REPRESENTED BY RECOGNIZED UNION TO REFUSE TO PAY FOR UNION REPRESENTATION 'SERVICES'

"RESULT OF 'YES' VOTE: 'Yes' vote allows individual employee in workplace represented by union to refuse payment for undesired union 'services' without modifying union's obligation to represent each employee.

"RESULT OF 'NO' VOTE: 'No' vote retains current law, rejects allowing union workplace employee to refuse payment for undesired union 'services' without modifying union's obligation to represent each employee.

"SUMMARY: Amends constitution. Under current law, when majority of workplace employees select union as collective bargaining representative, that union must fairly represent all employees, may negotiate agreement requiring all employees to contribute to representation costs. Measure allows an individual employee to refuse to pay for representation 'services' by identifying unwanted 'services' in writing. Measure does not change union's existing obligation to bargain for and represent all covered employees. Measure does not define 'service' or provide formula for valuing specific 'services.' Measure affects existing contract provisions that require payment for representation; expressly prohibits future contracts from requiring such

payment. Measure requires union to notify employees of right to withhold payment to union and prohibits discrimination or harassment of employee for exercising that right. Imposes penalties. Other provisions."

The modified ballot title is certified. The appellate judgment shall issue in accordance with ORS 250.085(9).