SC S48525 submitted on the record July 19; SC S48535 submitted on the record July 31, ballot title referred to Attorney General for modification November 30, 2001
Modified ballot title referred to Attorney General for further modification March 14, 2002 (333 Or 490, 41 P3d 1080)
New modified ballot title certified March 29, 2002 (333 Or 586, 42 P3d 910)

Steven NOVICK
and Tim Nesbitt,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S48525)

Tricia BOSAK
and James Sager,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S48535)
(Consolidated for Opinion)

36 P3d 464

Steven Novick, Portland, filed the petition for petitioner Tim Nesbitt and for himself.

Margaret S. Olney, Smith, Gamson, Diamond & Olney, Portland, filed the petition for petitioners Tricia Bosak and James Sager.

Rolf C. Moan, Assistant Attorney General, Salem, filed the answering memoranda for respondents. With him on the memoranda were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

DURHAM, J.

## DURHAM, J.

These are two ballot title proceedings that this court has consolidated for purposes of opinion.[1] Petitioners challenge the Attorney General's certified ballot title for a proposed initiative denominated by the Secretary of State as Initiative Petition 39 (2002). ORS 250.085(2). The proposed initiative, if approved, would incorporate into the Oregon Constitution several new provisions concerning the negotiation of wages and working conditions in Oregon workplaces. We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2)(a) to (d). ORS 250.085(5).

Initiative Petition 39 (2002) provides:

"EMPLOYEE RIGHT TO SELF-REPRESENTATION

"BE IT ENACTED BY THE PEOPLE OF THE STATE OF OREGON:

"THE CONSTITUTION OF THE STATE OF OREGON IS AMENDED BY ADDING THE FOLLOWING SECTION:

"Section 1. Employees have the right to bargain directly as individuals with their employers to establish the wage and benefits the employee shall receive, and shall not be required to accept or pay for representation or any other service provided by a union or employee association unless the representation or service was requested in writing by the employee.

"(a) Any employee request for representation or for other service from a union may be canceled by such an employee with 30 days written notice, and any obligation to pay for the representation or service shall cease to exist on the 31st day after the notice has been sent.

"(b) If any part of this 2002 Amendment is invalidated by a court of competent jurisdiction, the rights enshrined herein shall be effective in all circumstances for which no

---

[1] Petitioners Novick and Nesbitt submitted separate written comments regarding Initiative Petition 39 to the Secretary of State and filed a joint petition in this court. Petitioners Bosak and Sager submitted joint written comments to the Secretary of State and filed a joint petition in this court. Petitioners' comments below and arguments in this court are closely related, although not identical. For the sake of simplicity, the court will address all arguments together without attributing each argument to a particular petitioner.

violation has been found and in that particular circumstance when the reason for the invalidation ceases to exist."

The Attorney General certified the following ballot title for Initiative Petition 39 (2002):

"AMENDS CONSTITUTION: DECLARES RIGHT OF INDIVIDUAL EMPLOYEES TO 'BARGAIN' WITH EMPLOYERS; REQUIRES WRITTEN ACCEPTANCE OF UNION REPRESENTATION

"RESULT OF 'YES' VOTE: 'Yes' vote declares constitutional right of individual employees to 'bargain' directly with employers; makes acceptance of or payment for union representation contingent on written request.

"RESULT OF 'NO' VOTE: 'No' vote rejects declaration of constitutional right of individuals to 'bargain' directly with employers; rejects written-request requirement for acceptance of, payment for, union representation.

"SUMMARY: Amends constitution. If workplace is represented by union, existing law precludes employer and individual employees from making agreements that are inconsistent with collective bargaining agreement, requires union to represent all employees in unit, allows union to require employees to share costs of representation. Proposed amendment declares state constitutional right of individual employees to 'bargain' directly with employers about wages, benefits. Proposed amendment does not define 'bargain.' Makes acceptance of and payment for union representation or other services contingent on written request from employee. Authorizes an employee to cancel a request for union representation or other services with 30 days written notice; any obligation to pay for representation or other services shall cease on the thirty-first day after notice is sent. Other provisions."

Petitioners challenge the caption, result statements, and summary certified by the Attorney General. ORS 250.035(2)(a) requires that a ballot title for a proposed state measure contain a caption of not more than 15 words that reasonably identifies the subject matter of the proposed measure. ORS 250.035(2)(b) and (c) require that a ballot title for a proposed state measure contain simple and understandable statements, not to exceed 25 words, that describe the result of approval or rejection of the proposed measure. ORS

250.035(2)(d) requires that a ballot title for a proposed state measure contain a concise and impartial statement of not more than 125 words that summarizes the proposed measure and its major effect.

Turning first to the Attorney General's caption, we note that the parties agree that the proposed initiative embraces two main subject matters. The Attorney General asserts that he has identified each subject matter in the two phrases set out in the caption. Petitioners argue that the Attorney General's attempt to describe each of the subject matters in the proposed measure is insufficient.

Petitioners contend, in connection with the first subject matter, that the Attorney General's statement that the proposed initiative "DECLARES RIGHT OF INDIVIDUAL EMPLOYEES TO 'BARGAIN' WITH EMPLOYERS" is incorrect for several reasons. We have considered petitioners' arguments and reject them without further discussion. Because petitioners raise similar challenges to the Attorney General's treatment of the "right to 'bargain' " in the result statements and summary, and the Attorney General's description of that matter in those segments of the certified ballot title meets statutory requirements, we reject those challenges as well.

We turn to petitioners' challenge to the Attorney General's description of the proposed initiative's second subject matter. They assert that the Attorney General's phrase, "REQUIRES WRITTEN ACCEPTANCE OF UNION REP-RESENTATION," is inaccurate and misleading. They argue that the proposed measure allows workers to "quietly [take] advantage of union representation, without any written request (while refusing to pay for it)." According to petitioners, the proposal is designed to permit employees to reap the benefit of a union's legal duty to represent all bargaining unit workers, but avoid paying for those benefits, through payment of union dues or fair share fees, by declining to "request" union representation. Petitioners also criticize the Attorney General's phrasing, because they claim that it will mislead voters to assume that, under the proposal, any employee who does not request or pay for union representation will not be entitled to benefit from union representation.

The Attorney General asserts that the phrase in question is sufficient to identify a subject matter of the proposed initiative measure. The Attorney General also argues that petitioners' criticism of that phrase involves speculation, because the courts, in applying the proposed measure, might modify a union's duty to represent employees who decline to request union representation.

In determining the subject matter of the proposal, we consider the text and context of the proposal. *Earls v. Myers*, 330 Or 171, 175-76, 999 P2d 1134 (2000) (considering proposed measure's text in context). The context of the proposal includes other constitutional provisions and statutes that bear some relationship to the proposed initiative. We make that inquiry, in part, to ensure that the ballot title does not misstate, even by implication, the law that the proposal would enact, and "thereby create a spurious argument to support the measure's passage." *Dale v. Kulongoski*, 321 Or 108, 113, 894 P2d 462 (1995).

Turning first to the text of the proposal, we conclude that the phrase, "REQUIRES WRITTEN ACCEPTANCE OF UNION REPRESENTATION," is inaccurate. The proposal provides for a written request for union representation or service, not a "written acceptance." Additionally, the proposal does not *require* an employee to request union representation or service, as the Attorney General's caption states. Instead, under the proposal, the employee's request is a condition that must exist before the employee must "accept" or "pay for" union representation or service, and the employee may choose whether to make the request.

We also agree with petitioners that the context of the proposed measure discloses another problem with the Attorney General's phrase. If enacted, the proposal would preclude an employee from "be[ing] required" to "accept" or "pay for" union representation or services. The Attorney General's phrase only refers to the wording that addresses the "acceptance" of union representation. The Attorney General suggests that the phrase is accurate because the term "accept" appears in the proposal. However, that term appears as part of a prohibition against employees "be[ing] required" to accept or pay for representation. In determining whether the

term "acceptance" addresses the subject matter of the proposal, we first must consider the kinds of actions, if any, that employees can "be required" to take under current law.

In the context of collective bargaining, all employees in the represented bargaining unit receive the benefits, terms, and conditions set out in a collective bargaining agreement. That consequence does not occur because the union, the employer, or the collective bargaining agreement forces all employees to "accept" union representation or the resulting agreement. Instead, that consequence flows from the employees' designation, or the employer's recognition, of the union as the exclusive bargaining representative and fulfillment by the union and the employer of the pertinent statutory duty to bargain in good faith. Because those processes are statutory in character, they establish the responsibilities of the union and employer by operation of law, whether or not any individual employee might agree or disagree with those responsibilities or with any resulting collective bargaining agreement.

The Attorney General's use of the term "requires" in the ballot title caption inaccurately suggests that the proposed measure would obligate employees to accept union representation. The proposed measure also uses the word "required" ("shall not be required") to suggest that the proposal would preclude workers from "be[ing] required to accept" union representation or service. Those suggestions are misleading.

As this court has observed in a related context, the term "require" and its linguistic equivalents often describe a legal obligation and can create mischief unless the law in fact imposes the described legal obligation. *See Dale,* 321 Or at 113 (stating that phrase "ban requiring" is not accurate unless there is law "requiring"). That is the problem here. Neither party points to any existing legal requirement, in any statutory scheme or contractual relationship, that *requires* any employee to "accept" representation or services provided by a union, and the court is aware of none. The Attorney General's use of the term "requires" in the caption to describe a purported legal protection against "be[ing]

required to accept" union representation or services is deceptive, because the law does not impose such an obligation on any employee.

The same is not true, however, with respect to the proposal's prohibition on "be[ing] required to * * * pay for" union representation or service. Under current law, unions and employers may negotiate union security agreements that, in one form or another, require bargaining unit employees who are not union members to pay for the cost of union representation. In practical terms, a prohibition on such agreements enables those employees to receive union representation without cost, *id.* at 114, and represents a significant change in Oregon law. We agree with petitioners that that prohibition is one of the two "subject matters" that the proposed measure addresses and that the Attorney General's caption fails to identify that subject matter.

The Attorney General contends that he need not refer to that subject matter because the courts might respond to the enactment of the proposal by relieving a union of the obligation to provide representation to any employee who fails to request union representation in writing. Perhaps. But, even if the courts would do so—and we decline to speculate here about the potential success of such unarticulated potential challenges to the proposed measure—the Attorney General is not entitled to omit a subject matter of the proposed measure from the caption based only on an unsupported guess about how the courts might adjust a union's duty of fair representation in response to the enactment of the proposed measure.

■ We conclude from the foregoing that the phrase, "REQUIRES WRITTEN ACCEPTANCE OF UNION REPRESENTATION," in the Attorney General's caption is inadequate, both because it is inaccurate and because it fails to identify a subject matter of the proposal. We will refer the ballot title to the Attorney General for modification.[2]

---

[2] The Attorney General might find it necessary on referral to alter the wording of the first phrase in the caption to make sufficient words available for the statement of the second subject matter in the proposal. *See* ORS 250.035(2)(a) (providing that caption may contain up to 15 words). The Attorney General has authority to make such an adjustment, if he deems it necessary, notwithstanding this court's conclusion, stated above, that the first phrase in the caption, as it

■       Petitioners next argue that the Attorney General's "yes" and "no" vote result statements are insufficient because they fail to inform voters of the actual consequences of enactment or rejection of the proposed measure. Petitioners level the same criticism against the Attorney General's summary. We reject those arguments without further discussion.[3]

■       Petitioners also contend that the Attorney General's summary is insufficient because it states that existing law allows a "union" to require employees to share the cost of union representation. Petitioners argue that unions have no authority to impose such an obligation unilaterally and that the summary should identify the collective bargaining agreement, not a "union," as the source of such an obligation.

This court addressed a similar argument in *Bosak v. Myers*, 332 Or 552, 555, 33 P3d 970 (2001), and concluded that a similar phrase in a ballot title summary misstated current law and was misleading. Relying on *Bosak*, we reach the same conclusion here. The Attorney General must modify the summary on referral to eliminate that inaccuracy.

For the reasons stated above, the Attorney General's caption and summary do not comply substantially with ORS 250.035(2) (a) and (d). Pursuant to ORS 250.085(8), we refer the ballot title to the Attorney General for modification.

Ballot title referred to the Attorney General for modification.

_____

presently is written, substantially complies with statutory requirements. ORS 250.085(8), (9).

[3] The Attorney General is authorized to modify the result statements, if he so desires, in light of his modification of the caption on referral from this court. *See Mabon v. Myers*, 332 Or 633, 639, 33 P3d 988 (2001) (so explaining).