Argued and submitted November 1, ballot title referred to Attorney General for modification December 13, 2001
Modified ballot title certified December 31, 2002 (333 Or 202, 38 P3d 266)

Kris KAIN
and Tricia Bosak,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent,*

*and*

Bill SIZEMORE,
*Intervenor.*

(SC S48796)

38 P3d 266

Margaret S. Olney, Smith, Gamson, Diamond & Olney, Portland, argued the cause and filed the petition for petitioners.

Jennifer S. Lloyd, Assistant Attorney General, Salem, argued the cause and filed the answering memorandum for respondent. With her on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Gregory W. Byrne, Byrne & Associates, Portland, argued the cause and filed the memorandum in support for intervenor.

DURHAM, J.

**DURHAM, J.**

This is a proceeding under ORS 250.085(2) in which petitioners challenge a ballot title certified by the Attorney General for Initiative Petition 91 (2002). The proposed initiative, if adopted, would amend the Oregon Constitution by restricting the authority of government employers to sign certain agreements regarding payment of money to unions and by relieving public employee unions of the duty to represent or provide services to employees who do not join the union or pay for its services.

Initiative Petition 91 (2002) provides:

"BE IT ENACTED BY THE PEOPLE OF THE STATE OF OREGON:

"The Constitution of the State of Oregon is amended by adding the following section:

"Section 1.   No government employer shall sign or otherwise make a contract or agreement (including an extension to a contract or agreement in existence as of the effective date of this section) that (a) requires a public employee who is not a member of a union to pay money to a union for any reason, or (b) authorizes deducting money from the paycheck of a public employee who is not a member of a union, and transferring the money to a union or its agent or assign without the employee's written authorization. No public employee union shall be required to represent or provide other services to a public employee who is not a member of the union or does not pay the union for its services. No employee shall be discriminated against for not joining or being represented by a public employee union."

The Attorney General certified the following ballot title for the proposed initiative:

"AMENDS CONSTITUTION:   PUBLIC EMPLOYERS IN UNIONIZED WORKPLACE CANNOT SIGN CERTAIN LABOR CONTRACTS, UNIONS NEED NOT REPRESENT NONMEMBERS

"RESULT OF 'YES' VOTE:   'Yes' vote prohibits public employers in unionized workplace from signing contracts requiring nonunion employees to pay money to union; union may refuse to represent nonpayers.

"RESULT OF 'NO' VOTE: 'No' vote rejects amendment prohibiting public employers from signing contracts requiring nonunion employees to pay money to union; retains laws requiring unions to represent nonpayers.

"SUMMARY: Amends constitution. Currently, public employers in workplace where majority of employees have voted to be represented by union may sign labor contracts requiring employees who are not union members to make payments in lieu of dues to union for representation in collective bargaining. Unions must represent all employees in bargaining unit, including nonmembers. Measure prohibits public employers in unionized workplaces from signing contracts requiring nonmember employees to pay money to union for any purpose and from deducting money from paycheck of any nonmember for transfer to union without employee's authorization. Unions not required to represent public employees who are not union members or who do not pay for union services. Prohibits discrimination against public employees for not joining or being represented by union. Other provisions."

This court reviews a ballot title for "substantial compliance with the requirements of ORS 250.035." ORS 250.085(5). Petitioners challenge the sufficiency of the caption, result statements, and summary of the Attorney General's ballot title. We have reviewed petitioners' challenges and, with the exception of the argument regarding the result statements discussed below, we conclude that the Attorney General's ballot title substantially complies with statutory requirements.

ORS 250.035(2)(b) requires a "yes" vote result statement that is a "simple and understandable statement of not more than 25 words that describes the result if the state measure is approved." ORS 250.035(2)(c) requires a "no" vote result statement that is a "simple and understandable statement of not more than 25 words that describes the result if the state measure is rejected."

Petitioners argue that the term "nonunion" in each result statement is not appropriate, because it is either inaccurate or confusing. They point out that the phrase "nonunion employees" does not appear in the proposed initiative, is not synonymous with and does not describe employees who

are not union members, and generally refers (inaccurately, they assert) to any employees who are not members of the union's bargaining unit, such as confidential, supervisory, or managerial employees.[1]

The statutory requirements that the result statements be "understandable" and "describe[ ] the result" of approval and rejection of the proposed initiative, ORS 250.035(2)(b), (c), are designed to protect the voters' interest in an *accurate* disclosure of those respective results. This court has stated that misstatements, even by implication, of either existing law or the law that the proposed measure would enact are not appropriate in a ballot title. *Novick/Bosak v. Myers*, 333 Or 18, 24, 36 P3d 464 (2001); *Dale v. Kulongoski*, 321 Or 108, 113, 894 P2d 462 (1995). Such misstatements potentially invite misleading arguments to support passage or defeat of the proposed initiative.

We believe that the Attorney General intends the phrase "nonunion employees" in the result statements to refer to members of a public employee bargaining unit who are not union members and who, therefore, do not pay union dues, but who may make fair-share payments in lieu of dues to the union.[2] The question before the court is whether "nonunion employees" accurately describes that group of public employees.

The dictionary definition of "nonunion" is:

"**1 :** not belonging to or affiliated with a trade union * * * **2 :** not recognizing or favoring trade unions or trade unionists."

---

[1] Petitioners rely in part on ORS 243.650(19), which defines "public employee" as follows:

" 'Public employee' means an employee of a public employer but does not include elected officials, persons appointed to serve on boards or commissions, incarcerated persons working under section 41, Article I of the Oregon Constitution, or persons who are confidential employees, supervisory employees or managerial employees."

[2] ORS 243.650(10) defines "fair-share agreement" in part as follows:

" 'Fair-share agreement' means an agreement between the public employer and the recognized or certified bargaining representative of public employees whereby employees who are not members of the employee organization are required to make an in-lieu-of-dues payment to an employee organization except as provided in ORS 243.666."

*Webster's Third New Int'l Dictionary*, 1539 (unabridged ed 1993).

The first of those definitions is broader in scope than the employee group to which the Attorney General intends to refer. That definition includes any employee "not belonging to or affiliated with" a union, *i.e.*, a group that embraces not only bargaining unit members who pay no money to a union but also all other employees of the public employer, including supervisory and confidential employees.[3]

The second of the dictionary's definitions refers to a distinct employee group, *i.e.*, those who do not recognize or favor unions. That definition carries the implication of political or philosophical opposition to unions. Indeed, the dictionary's word for that belief system is a related term, "nonunionism," which the dictionary defines as follows: "[T]he theories, opinions, or practices of those who do not support trade unions[.]" *Id.*

The foregoing discussion indicates that the term chosen by the Attorney General, "nonunion," does not describe accurately the employee group to which the Attorney General meant to refer. Moreover, the inaccuracy of that term likely will produce voter confusion. Voters familiar with the definitions discussed above could infer incorrectly from the Attorney General's result statements that the proposed initiative would preclude contractually mandated payments to unions by supervisory and confidential employees, as well as all employees who politically oppose unions.

Another term in the result statements contributes to the likelihood of voter confusion from the term "nonunion."

---

[3] ORS 243.650(23) defines "supervisory employee" in part as follows:

" 'Supervisory employee' means any individual having authority in the interest of the employer to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection therewith, the exercise of such authority is not of a merely routine or clerical nature but requires the use of independent judgment."

ORS 243.650(6) defines "confidential employee" as follows:

" 'Confidential employee' means one who assists and acts in a confidential capacity to a person who formulates, determines and effectuates management policies in the area of collective bargaining."

The Attorney General uses the term "nonpayers" in each result statement, apparently intending to refer to a union's bargaining unit members who do not pay money to the union. However, because the result statements imply that the terms "nonpayers" and "nonunion employees" are synonyms, the term "nonpayers" simply reinforces, rather than eliminates, the problems noted above regarding the term "nonunion."

The Attorney General argues that petitioners' criticism of the Attorney General's phrase, "nonunion employees," is faulty because there is no meaningful difference between that phrase and the phrase that petitioners recommend to the court, "non-union members." That argument is unresponsive to the question before the court, that is, whether the ballot title certified by the Attorney General substantially complies with statutory requirements. ORS 250.085(5). Consequently, we do not address that argument.[4]

We conclude that, because the term "nonunion" is incorrect and confusing in this context, the Attorney General's result statements do not state accurately "the result" if the voters approve or reject the proposed initiative. ORS 250.035(2)(b), (c).

Ballot title referred to the Attorney General for modification.

---

[4] Because ORS 250.085(5) focuses the court's review on the Attorney General's ballot title, the Attorney General's criticisms of alternative words or phrases suggested by a ballot title challenger often play no role in the court's analysis. *See generally* Order Adopting Temporary Amendments to ORAP 11.30, Chief Justice Order No. 01-111 (October 24, 2001), Oregon Appellate Court Advance Sheets No. 23 at [A-13] (November 12, 2001) (deleting from ORAP 11.30(4)(b) requirement that petitioner include in body of petition proposed ballot title that petitioner believes would comply substantially with statutory requirements).