Submitted on the record January 9, modified ballot title referred to Attorney General for additional modification March 14, 2002
New modified ballot title certified March 29, 2002 (333 Or 586, 42 P3d 910)

Steven NOVICK
and Tim Nesbitt,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S48525)

Tricia BOSAK
and James Sager,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S48535)
(Consolidated for Opinion)

41 P3d 1080

Paul B. Gamson, Smith, Gamson, Diamond & Olney, Portland, filed the petition objecting to modified ballot title for petitioners Bosak and Sager.

Rolf C. Moan, Assistant Attorney General, Salem, filed the Attorney General's response for respondent. With him on the response were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

No appearance by petitioners Novick and Nesbitt.

DURHAM, J.

## DURHAM, J.

These are two consolidated ballot title proceedings regarding Initiative Petition 39 (2002). In *Novick/Bosak v. Myers*, 333 Or 18, 36 P3d 464 (2001), this court sustained in part the challenges that petitioners Novick, Nesbitt, Bosak, and Sager filed regarding the certified ballot title and referred the certified ballot title to the Attorney General for modification. The Attorney General filed a modified ballot title, and petitioners Bosak and Sagar (hereafter "petitioners") objected to the modified ballot title. ORAP 11.30(10). At the court's request, the Attorney General responded to petitioners' objection, arguing that the court should deny the objection. ORS 250.085(9) requires the court to review the Attorney General's modified ballot title to determine whether it "substantially complies with the requirements of ORS 250.035."

The Attorney General's modified ballot title states:

"AMENDS CONSTITUTION: MAKES ACCEPTANCE OF, PAYMENT FOR UNION REPRESENTATION CONTINGENT ON WRITTEN REQUEST; DECLARES INDIVIDUAL 'BARGAINING' RIGHT

"RESULT OF 'YES' VOTE: 'Yes' vote makes acceptance of or payment for union representation contingent on written request; declares constitutional right of individual employees to 'bargain' directly with employers.

"RESULT OF 'NO' VOTE: 'No' vote rejects written-request requirement for acceptance of, payment for, union representation; rejects declaration of constitutional right of individuals to 'bargain' directly with employers.

"SUMMARY: Amends constitution. If workplace is represented by union, existing law precludes employer and individual employees from making agreements that are inconsistent with collective bargaining agreement, requires union to represent all employees in unit, allows union to negotiate agreement requiring all employees to contribute to representation costs. Proposed amendment declares

state constitutional right of individual employees to 'bargain' directly with employers about wages, benefits. Proposed amendment does not define 'bargain.' Makes acceptance of and payment for union representation or other services contingent on written request from employee. Authorizes an employee to cancel a request for union representation or other services with 30 days written notice; any obligation to pay for representation or other services shall cease on the thirty-first day after notice is sent. Other provisions."

Petitioners argue that each section of the modified ballot title is inadequate. Petitioners' argument focuses on the following sentence in the proposed initiative:[1]

"Employees have the right to bargain directly as individuals with their employers to establish the wage and benefits the employee shall receive, and shall not be required to accept or pay for representation or any other service provided by a union or employee association unless the representation or service was requested in writing by the employee."

According to petitioners, the modified caption is inaccurate, because, "[c]ontrary to the modified caption, this proposal would allow an employee to obtain and accept union representation without meeting the contingency, *i.e.*, without making a written request for it." Petitioners contend that both result statements and the summary contain the same flaw.

The Attorney General argues that the following sentence in this court's opinion in *Novick/Bosak* supports the modified wording that he chose:

"Instead, under the proposal, the employee's request is a condition that must exist before the employee must 'accept' or 'pay for' union representation or service, and the employee may choose whether to make the request."

*Id.* at 24. That sentence, however, explained only why the text of the proposal did not justify the Attorney General's use of the term "require" in the original ballot title. Moreover, that sentence preceded the court's analysis and conclusion

---

[1] The court's opinion in *Novick/Bosak*, 333 Or at 21-22, sets out the full text of the proposed initiative.

that the original ballot title had failed to identify one of the proposed measure's two subject matters and that the original ballot title required revision to resolve that deficiency. *Id.* at 24-26. We will summarize below that analysis and conclusion.

In *Novick / Bosak*, this court explained that the proposed measure's purported protection of workers from being required to "accept" union representation was "deceptive, because the law does not impose such an obligation on any employee." *Id.* at 26. After discussing the legal context of the proposed initiative, the court concluded that the proposal sought to change Oregon law by enabling workers, by the device of refraining from requesting union representation, to circumvent any contractual requirement to pay for the cost of union representation. The court stated:

"The same is not true, however, with respect to the proposal's prohibition on 'be[ing] required to * * * pay for' union representation or service. Under current law, unions and employers may negotiate union security agreements that, in one form or another, require bargaining unit employees who are not union members to pay for the cost of union representation. In practical terms, a prohibition on such agreements enables those employees to receive union representation without cost, [*Dale v. Kulongoski*, 321 Or 108, 114, 894 P2d 462 (1995)] and represents a significant change in Oregon law. We agree with petitioner that that prohibition is one of the two 'subject matters' that the proposed measure addresses and that the Attorney General's caption fails to identify that subject matter."

*Id.*

The Attorney General's modified caption does not identify the subject matter of the proposed measure discussed in that passage. Under the proposed measure, workers would be entitled to receive union representation services free of charge unless and until the workers requested those services in writing and thereby exposed themselves to the obligation to pay for those services. The Attorney General's ballot title caption must identify that subject matter to describe accurately the subject matter of the proposed measure to the voters. The phrasing that the Attorney General has

chosen continues to suggest, incorrectly that, under the proposed measure, workers would receive union representation (by "acceptance of" it) only if they first request representation in writing. That reference in the caption does not identify a subject matter of the proposed measure and, in context, is misleading. The Attorney General's modified result statements and summary are insufficient for the same reason.

ORS 250.085(10)(b) provides:

"If the Supreme Court determines that the modified ballot title does not substantially comply with the requirements of ORS 250.035, the court shall modify the ballot title and certify the ballot title to the Secretary of State or refer the modified ballot title to the Attorney General for additional modification and further proceedings under subsection (9) of this section."

We conclude that the caption, result statements, and summary of the Attorney General's modified ballot title do not substantially comply with the requirements of ORS 250.035 for the reasons discussed above. We refer the modified ballot title to the Attorney General for additional modification and further proceedings under ORS 250.085(9).

Modified ballot title referred to Attorney General for additional modification.