On modified ballot title filed March 21,* new modified ballot title certified
March 29, 2002

Steven NOVICK
and Tim Nesbitt,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S48525)

Tricia BOSAK
and James Sager,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S48535)
(Consolidated for Opinion)

42 P3d 910

■■■■■■

No appearance by petitioners.

Jas. Jeffrey Adams, Assistant Attorney General, Salem, filed the modified ballot title for respondent. With him on the filing memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

_____

* 333 Or 18, 36 P3d 464 (2001) (referring ballot title for modification); 333 Or 490, 41 P3d 1080 (2002) (referring modified ballot title for additional modification).

The court in these consolidated ballot title review proceedings determined that the Attorney General's certified ballot title for Initiative Petition 39 (2002) failed to comply substantially with statutory standards and, under ORS 250.085(8), referred the ballot title to the Attorney General for modification. *Novick/Bosak v. Myers*, 333 Or 18, 36 P3d 464 (2001). The Attorney General filed a modified ballot title for the proposed initiative measure, petitioners objected, and the court determined that the modified ballot title failed to comply substantially with statutory standards. *Novick/Bosak v. Myers*, 333 Or 490, 41 P3d 1080 (2002). The court referred the modified ballot title to the Attorney General for additional modification. *See* ORS 250.085(10)(b) (directing use of procedure set out in ORS 250.085(9) for modified ballot titles referred to Attorney General for additional modification).

The Attorney General has filed a new modified ballot title for the proposed initiative measure, and no party has objected. *See* ORS 250.085(9) (setting out period within which party may object to modified ballot title and requiring court to certify modified ballot title if no objection filed).

The new modified ballot title for Initiative Petition 39 (2002) states:

"AMENDS CONSTITUTION:   ALLOWS EMPLOYEES TO RECEIVE UNION REPRESENTATION SERVICES WITHOUT PAYMENT; DECLARES INDIVIDUAL RIGHT TO 'BARGAIN' DIRECTLY

"RESULT OF 'YES' VOTE:   'Yes' vote allows employees to receive union representation services without payment unless they request representation; declares right of individual employees to 'bargain' directly with employers.

"RESULT OF 'NO' VOTE:   'No' vote rejects allowing employees to receive union representation services without payment unless representation requested; declares right of individual employees to 'bargain' directly with employers.

"SUMMARY:   Amends constitution. If workplace is represented by a union, existing law precludes the employer and individual employees from making agreements that are inconsistent with the collective bargaining agreement, requires union to represent all employees in

unit, and allows union to negotiate agreement requiring all employees to contribute to representation costs. Measure allows employees to receive union representation services without payment, unless employee requests representation in writing. Authorizes employee to cancel a request for union representation services upon 30 days written notice; any obligation to pay for representation or other services shall cease on the thirty-first day after the notice is sent. Measure declares the right of individual employees to 'bargain' directly with employers about wages and benefits. Measure does not define 'bargain.' Other provisions."

The new modified ballot title is certified.