No. 39 September 12, 2013 125

IN THE SUPREME COURT OF THE
STATE OF OREGON

Arthur TOWERS,
Gail Rasmussen,
and Bethanne Darby,
*Petitioners*,

*v.*

Ellen ROSENBLUM,
Attorney General, State of Oregon,
*Respondent.*

(S061292)

En Banc

On petitions to review ballot title filed May 7, 2013; considered and under advisement August 6, 2013.

Steven C. Berman of Stoll Stoll Berne Lokting & Shlacher, P.C., Portland, filed the petition and response for petitioner Towers.

Margaret S. Olney of Bennett, Hartman, Morris & Kaplan LLP, Portland, filed the petition and response for petitioners Rasmussen and Darby.

Douglas F. Zier, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him on the answering memorandum were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Jill Gibson Odell, Beaverton, filed the *amicus curiae* memorandum for herself.

Paul Gamson, Portland, filed the memorandum for *amici curiae* Tom Chamberlain and Patrick Green.

LANDAU, J.

The ballot title is referred to the Attorney General for modification.

**LANDAU, J.**

Petitioners seek review of the Attorney General's certified ballot title for Initiative Petition 9 (2014), arguing that the ballot title does not satisfy the requirements of ORS 250.035(2). We review a certified ballot title to determine whether it substantially complies with those statutory requirements. *See* ORS 250.085(5) (stating standard of review). For the reasons that follow, we refer the ballot title to the Attorney General for modification.

Initiative Petition 9, if adopted by the voters, would amend several provisions of the Oregon Public Employee Collective Bargaining Act (PECBA). PECBA currently allows public employers and unions to enter into "fair-share" union security agreements. ORS 243.666(1); ORS 243.672(1)(c). Under those agreements, public employees choosing not to join a union are nevertheless responsible for a proportional share of the representation costs incurred by the union, collected as "payment-in-lieu-of-dues" sums. ORS 243.650(10); *Dale v. Kulongoski*, 321 Or 108, 111-12, 894 P2d 462 (1995).

Initiative Petition 9 declares that "[a] person shall have the individual freedom of choice in the pursuit of public employment" and that no one may be required either to join or not join a labor organization as a condition of public employment. It further provides that, "[i]f an employee does not choose to join and participate in a labor organization, such employee shall not pay an amount of money in-lieu-of-dues to a labor organization, another organization, or third party as a condition of employment." That type of legislation is often referred to by its popular political slogan, "right to work."

The Attorney General certified the following ballot title for Initiative Petition 9:

"**BALLOT TITLE:   Prohibits compulsory payment of union representation costs by public employees choosing not to join union**

"**Result of 'Yes' Vote:**   'Yes' vote prohibits requiring represented public employees who choose not to join union to make compulsory 'payment in lieu of dues' for union representation costs.

"**Result of 'No' Vote:**　'No' vote allows requiring represented public employees who choose not to join union to make compulsory 'payment in lieu of dues' for union representation costs.

"**Summary:**　Current law allows public employees to bargain collectively through a labor organization/union as their exclusive representative; prohibits requiring union membership as condition of public employment; requires union to fairly represent members and nonmembers in bargaining unit; allows contracts requiring public employees who choose not to join union to make compulsory 'payment in lieu of dues' for cost of union representation. Measure affirms public employees' right to join or decline to join union; prohibits requiring public employees choosing not to join union to make compulsory 'payment in lieu of dues' for union representation costs; makes entry into such compulsory payment agreements an unfair labor practice. Measure applies only to new, renewed, or extended contracts entered into after the effective date of the measure. Other provisions."

Petitioners challenge the caption, result statements, and summary of the certified ballot title. We reject, without discussion, all of those challenges save one, which is that the caption, result statements, and summary all fail to identify properly the subject matter and effect of the initiative. According to petitioners, all three components of the ballot title fail to explain that the major effect of the measure is "to allow employees to refuse to share in the costs of representation that the union is legally obligated to provide." In petitioners' view, the effect of the measure is thus to permit "free riders" to obtain the benefits of the representation that the union must provide without having to pay for them. Petitioners argue that, in several prior cases, this court has concluded that the law required that ballot titles for similar measures include information about the free-rider effect of adopting those measures.

The Attorney General answers that the ballot title substantially complies with statutory requirements. She argues that the law requires that the ballot title identify the "subject matter" of the proposed measure and the subject matter of Initiative Petition 9 "is a proposed prohibition on requiring 'payments in lieu of dues' * * * [from] public employees who

choose not to join a union." The Attorney General does not appear to address petitioners' argument that this case is controlled by prior decisions of this court concerning similar measures, which decisions required the ballot titles to include an explanation of the free-rider effect of adopting those measures.

We begin with the requirements for the caption. ORS 250.035(2)(a) requires that a ballot title for a proposed state measure contain a caption of not more than 15 words that reasonably identifies the "subject matter" of the proposed measure. The caption is the "headline" of the ballot title; it "provides the context for the reader's consideration of the other information in the ballot title" and must describe the proposed measure's subject matter accurately. *Greene v. Kulongoski*, 322 Or 169, 175, 903 P2d 366 (1995). For the purposes of this court's review, the "subject matter" of a ballot title is "the 'actual major effect' of a measure or, if the measure has more than one major effect, all such effects (to the limit of the available words)." *Whitsett v. Kroger*, 348 Or 243, 247, 230 P3d 545 (2010).

As petitioners correctly observe, this is not the first case in which this court has been asked to address the sufficiency of a ballot title pertaining to a right-to-work initiative. In *Novick/Bosak v. Myers*, 333 Or 18, 36 P3d 464 (2001), the court considered the proposed ballot title for a proposed constitutional amendment that declared that all employees have a "right to bargain directly as individuals with their employers" and that no one may "be required to accept or pay for representation or any other service" by labor organizations unless the employee requests the representation or service in writing. *Id.* at 21.

The Attorney General's certified caption read: "AMENDS CONSTITUTION: DECLARES RIGHT OF INDIVIDUAL EMPLOYEES TO 'BARGAIN' WITH EMPLOYERS; REQUIRES WRITTEN ACCEPTANCE OF UNION REPRESENTATION." *Id.* at 22. The petitioners challenged the sufficiency of the caption, arguing that, among other things, it failed to explain the free-rider effect of the measure. *Id.* at 23. This court agreed, explaining,

"Under current law, unions and employers may negotiate union security agreements that, in one form or another, require bargaining unit employees who are not union members to pay for the cost of union representation. In practical terms, a prohibition on such agreements enables those employees to receive union representation without cost and represents a significant change in Oregon law. We agree with petitioners that that prohibition is one of the \*\*\* 'subject matters' that the proposed measure addresses and that the Attorney General's caption fails to identify that subject matter."

*Id.* at 26 (citations omitted).

The court addressed the same issue in *Sizemore/ Terhune v. Myers*, 342 Or 578, 157 P3d 188 (2007). In that case, the court addressed the sufficiency of a ballot title for a proposed measure that would have created a new statute declaring that no person may be required to "become or remain a member of a labor organization" or "pay any dues, fees, assessments or other similar charges, however denominated, of any kind or amount[,] to a labor organization." The Attorney General's ballot title caption stated: "PROHIBITS NEGOTIATED CONTRACTS REQUIRING: PRIVATE EMPLOYEES TO JOIN UNION, REPRESENTED NON-MEMBERS TO SHARE REPRESENTATION COSTS." *Id.* at 582. The petitioners argued that the caption was deficient because, among other things, it failed to explain the free-rider effect of the measure. *Id.* at 588. This court agreed:

"In context, the subject matter of the proposed measure consists of two identifiable legal changes. The proposed measure will eliminate any employment condition requiring any person to pay money to a union, *and*, thereby, it will entitle employees to receive the union's legally mandated representation services without sharing in the cost of those services. The certified caption refers to only one of those subjects. \*\*\* The Attorney General must address that deficiency on referral."

*Id.* at 588-89 (emphasis in original).

This case is controlled by our prior decisions in *Novick/Bosak* and *Sizemore/Terhune*. As in both of those cases, the measure at issue in this one would, if adopted, declare a right not to be required to join a labor organization

as a condition of employment and a right not to pay dues, fees, or other charges to such labor organizations. As in both of those cases, an "actual major effect" is that employees who choose not to be represented will be able to receive services from a labor organization without having to pay for them. And, as in both of those cases, the Attorney General's certified ballot title caption is deficient for failing to identify that actual major effect.

As we have noted, petitioners argue that the certified ballot title result statements and summary are deficient for the same reason. Petitioners are correct. ORS 250.035(2)(b) and (c) set out the requirements for result statements. They require that a ballot title contain simple and understandable statements, not to exceed 25 words, describing the result of approval or rejection of the proposed measure. ORS 250.035(2)(d) requires that a ballot title for a proposed state measure contain a concise and impartial summary of not more than 125 words that summarizes the proposed measure and its major effects.

In *Dale*, this court considered the Attorney General's certified ballot title for a proposed constitutional amendment that would have provided that "no public employee * * * shall be required or unduly pressured to join or otherwise be connected to, or pay dues, or contribute fair share, or pay fees or assessments to a public employee union." 321 Or at 116. The Attorney General prepared a ballot title that included a summary stating that the measure "[b]ans requiring employees to join union or to pay dues or representation costs." *Id.* at 110. The petitioners argued that the summary was inadequate because it failed to identify the free-rider effect of the measure, and this court agreed, holding that the summary did "not disclose that employees who are not members of the union, but who are members of the bargaining unit, will receive representation without cost." *Id.* at 114.

Again, this court's prior case law is controlling. The Attorney General must address the foregoing deficiencies on referral.

The ballot title is referred to the Attorney General for modification.