No. 23　　　　　May 7, 2026　　　　　249

IN THE SUPREME COURT OF THE
STATE OF OREGON

Kelsey PADEN
and Christy Mason,
*Petitioners,*

*v.*

Dan RAYFIELD,
Attorney General, State of Oregon,
*Respondent.*

John VON SCHLEGELL,
*Petitioner,*

*v.*

Dan RAYFIELD,
Attorney General, State of Oregon,
*Respondent.*

(SC S072772 (Control); S072776)

On petitions to review ballot title filed on March 13, 2026; considered and under advisement on April 16, 2026.

Adam S. Arms, Bennett Hartman, LLP, Portland, filed the petition and reply for petitioners Kelsey Paden and Christy Mason. Also on the reply was Margaret S. Olney.

Aaron Landau, Miller Nash LLP, Portland, and C. Robert Steringer, Dunn Carney LLP, Portland, filed the petition and reply for petitioner John von Schlegell.

Jordan R. Silk, Assistant Attorney General, Salem, filed the answering memorandum for respondent. Also on the memorandum were Dan Rayfield, Attorney General, and Paul L. Smith, Solicitor General.

C. Robert Steringer, Dunn Carney LLP, Portland, filed the memorandum for *amicus curiae* John von Schlegell in S072772. Also on the memorandum was Sara M. Dueno, Dunn Carney LLP, Portland.

Before Flynn, Chief Justice, and Duncan, Garrett, DeHoog, Bushong and James, Justices.*

JAMES, J.

The ballot title is referred to the Attorney General for modification.

_____

\* Masih, J., did not participate in the consideration or decision of this case.

**JAMES, J.**

In this consolidated ballot title challenge, petitioners Paden and Mason challenge the Attorney General's certified ballot title for Initiative Petition 64 (2026) (IP 64) as Oregon electors. Petitioner von Schlegell separately challenges IP 64, asserting his unique interest as the chief petitioner for IP 64. Having reviewed the ballot title for substantial compliance with ORS 250.035(2), s*ee* ORS 250.085(5) (stating that standard of review), we conclude that the ballot title for IP 64 does not substantially comply with ORS 250.035(2) and refer it to the Attorney General for modification.

## I.   BACKGROUND

Under current Oregon law, individuals who are charged with a crime and found to be unfit to aid and assist in their own defense cannot proceed to trial. ORS 161.370(2). The individual's fitness to proceed to trial is addressed through attempts to restore fitness, either by community treatment or hospital services. ORS 161.370(3)(c). An individual committed to a state mental hospital can be held there pretrial, for purposes of restoring fitness to proceed to trial, only for three years or the maximum length of imprisonment authorized by law for the alleged crime, whichever is shorter. ORS 161.371(8).

If enacted, IP 64 would add the following provision to Article XV of the Oregon Constitution:

"An individual charged with a crime who has been determined to lack fitness to proceed in a criminal case by reason of incapacity and who has been determined by a court of competent jurisdiction to require a hospital level of care due to public safety concerns shall be committed to the custody and care of an appropriate state-funded secure facility, rather than being released, until the individual is determined by the court to have recovered the capacity to proceed in the criminal case or to no longer require a hospital level of care."

The Attorney General certified the following ballot title:

> **"Amends Constitution: Requires 'secure commit-ment' of criminal defendants who pose 'public safety concerns' but cannot be prosecuted**
>
> "**Result of 'Yes' Vote**: Amends constitution to require state-funded 'secure commitment' of criminal defendants who cannot be prosecuted but require 'hospital level of care' for 'public safety concerns.'
>
> "**Result of 'No' Vote**: Retains statutory standards for fitness to proceed in criminal cases, and for civil commitment based on mental disorders that pose a risk to public safety.
>
> "**Summary**: Amends Constitution. Under current law, criminal defendants who lack mental capacity to aid and assist in their defense cannot be prosecuted. Persons with mental disorders that make them dangerous to themselves or others, or with treatment resistant mental disorders that caused them to engage in certain extremely dangerous con-duct, may be civilly committed for statutorily set periods of time, with recommitment possible. Measure adds state constitutional requirement that, if a criminal defendant lacks mental capacity to be prosecuted but still requires 'a hospital level of care,' they must be committed to a 'secure facility' at state expense rather than being released, until they regain the capacity to be criminally prosecuted or no longer require 'a hospital level of care.'"

## II.  ANALYSIS

The petitioners, who timely submitted comments on the Attorney General's draft ballot title, have filed peti-tions for review of the ballot title that the Attorney General ultimately certified. *See* ORS 250.085(2) (any elector dissat-isfied with ballot title certified by Attorney General, who timely submitted comments on draft ballot title, may peti-tion Supreme Court for review of certified ballot title). All petitioners challenge the caption and the "yes" result state-ment of the ballot titled certified by the Attorney General. There is no challenge to the "no" result statement or the summary.

We conclude that petitioners have identified ways in which the certified ballot title fails to substantially comply with the ballot-title specifications set out in ORS 250.035, and that, as a result, the certified ballot title's caption and

"yes" result statement require modification. We therefore refer the ballot title to the Attorney General to make the necessary changes. *See* ORS 250.085(8) (if court determines that certified ballot title does not substantially comply with requirements of ORS 250.035, court may refer ballot title to Attorney General for modification).

A.	*Caption*

The Attorney General certified the following caption:

> **"Amends Constitution: Requires 'secure commitment' of criminal defendants who pose 'public safety concerns' but cannot be prosecuted"**

The caption of a ballot title for a referred state measure must "reasonably identif[y] the subject matter" of the measure. ORS 250.035(2)(a); *see Hurst/Van Dusen v. Rosenblum*, 366 Or 260, 263, 461 P3d 978 (2020) (caption should "state or describe the proposed measure's subject matter accurately and in terms that will not confuse or mislead *** voters" (internal quotation marks omitted)); *Towers v. Rosenblum*, 354 Or 125, 129, 310 P3d 1136 (2013) (caption is the "headline" of the ballot title, *i.e.*, it "provides the context for the reader's consideration of the other information in the ballot title[,] and must describe the proposed measure's subject matter accurately" (internal quotation marks omitted)).

All petitioners argue that the caption is deficient in that it inaccurately states that the defendants at issue "cannot be prosecuted." That is incorrect, they contend, because when an individual has been found to be unable to aid and assist in their defense under ORS 161.370(2), the trial may not proceed but the prosecution continues. We agree; prosecution continues, even while the aid and assist restoration process is ongoing. Additionally, we note that, as a technical matter, the term "prosecution" encompasses both the state's effort to obtain a conviction at trial and to defend that conviction in post-trial proceedings, such as appeal. Because IP 64 only applies to pretrial aid-and-assist determinations, the use of the broader term "prosecution" is erroneous.

Petitioners Paden and Mason further argue that the caption is deficient in that it fails to apprise voters that

a major effect of the measure would be to override existing statutory maximum permissible periods of custody. That is, under current law, a person who has been found to be unfit to proceed to trial may be committed to a state hospital for three years or the maximum length of imprisonment authorized by law for the alleged crime, whichever period is shorter. ORS 161.371(8). Notably, as petitioners point out, the proposed measure contains no similar limit. The Attorney General responds, and petitioner Von Schlegell agrees, that "commenting on the length of any potential commitment under the measure would be improperly speculative."

We agree with the petitioners Paden and Mason. Indefinite detention is not possible under existing law, which, as noted, limits pretrial aid-and-assist detention to a maximum period of three years. IP 64 eliminates that maximum confinement period, and that change is not speculative. Under the measure, the commitment continues until the court determines that either of two conditions is met: (1) the person has recovered the capacity to proceed in the criminal case, or (2) the person no longer requires a hospital level of care. Absent one of those court determinations, the commitment must continue under the measure. Thus, one of the primary effects, if not *the* primary effect of the measure would be to allow for potentially indefinite detention pretrial, so long as a person lacks capacity to aid and assist in their defense and requires a hospital level of care due to public safety concerns.

For those reasons, we conclude that the caption does not substantially comply with the requirements of ORS 250.035(2)(a) and must be referred to the Attorney General for modification.

B. *"Yes" Result Statement*

The Attorney General certified the following "yes" result statement:

> "**Result of 'Yes' Vote**: Amends constitution to require state-funded 'secure commitment' of criminal defendants who cannot be prosecuted but require 'hospital level of care' for 'public safety reasons.'"

A "yes" result statement must set out a "simple and understandable statement *** that describes the result" if a state measure is approved. ORS 250.035(2)(b); *see Hurst/Van Dusen*, 366 Or at 268 ("yes" result statement required modification because it was "ambiguous and therefore open to misinterpretation by a reasonable voter"). The purpose of this section of the ballot title is to "notify petition signers and voters of the result or results of enactment that would have the greatest importance to the people of Oregon." *Novick v. Myers*, 337 Or 568, 574, 100 P3d 1064 (2004). As we have stated, "to comply with *** statutory requirements, the Attorney General may have to go beyond the words of a measure in order to give the voters accurate and neutral information about a proposed measure." *Caruthers v. Myers*, 344 Or 596, 600, 189 P3d 1 (2008).

The "yes" result statement suffers from the same problems as the caption—by referring generally to "prosecution," it misleadingly suggests that prosecution does not continue during the aid-and-assist restoration process, and it fails to identify a major effect of the measure, which is to eliminate the statutory maximum pretrial confinement period and to permit potentially indefinite detention. For those reasons, we also conclude that the "yes" result statement does not comply with the requirements of ORS 250.035(2)(b), and we refer it to the Attorney General for modification.

### III.   CONCLUSION

In sum, we conclude that the caption and the "yes" result statement of the certified ballot title for IP 64 do not substantially comply with the requirements of ORS 250.035(2) and must be modified as discussed above.

The ballot title is referred to the Attorney General for modification.