Submitted on the record August 21, ballot title referred to Attorney General for modification November 8, modified ballot title certified November 28, 2007 (343 Or 468)

David J. HUNNICUTT,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S55002) (Control)

Robert STACEY,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S55004)
(Cases Consolidated)

171 P3d 349

Ross A. Day, Tigard, filed the petition and reply brief for petitioner Hunnicutt.

Margaret S. Olney, of Smith, Diamond & Olney, Portland, filed the petition and reply brief for petitioner Stacey.

Denise G. Fjordbeck, Senior Assistant Attorney General, Salem, filed the answering memoranda for respondent. With her on the memoranda were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before De Muniz, Chief Justice, and Gillette, Durham, Balmer, Kistler, and Linder, Justices.*

DURHAM, J.

* Walters, J., did not participate in the consideration or decision of this case.

**DURHAM, J.**

In this proceeding to review a ballot title under ORS 250.085(2), we address two petitions that challenge the Attorney General's certified ballot title for Initiative Petition 95 (2008). We consolidate the two ballot title challenges for purposes of this opinion.

Initiative Petition 95 (2008), if approved by the voters, would effectively abolish coordinated statewide land use planning in Oregon, limiting the application of the statewide land use planning goals to "areas of critical state concern" as defined in ORS 197.405. At present, the state has not designated any "areas of critical state concern" under ORS 197.405. Consequently, the proposed measure, if adopted, would render Oregon's existing statewide land use planning goals, *see* ORS 197.015(9) (defining "goals"), inapplicable in any part of the state. Only if the legislature were to meet in the future and adopt a statute designating some "areas of critical state concern" would the statewide land use planning goals have some future applicability, and then only in those specially designated areas.

The Attorney General certified the following ballot title for the initiative:

"LIMITS LAND USE GOALS, NEED FOR CONSISTENCY WITH GOALS, TO 'AREAS OF CRITICAL STATE CONCERN'

"RESULT OF 'YES' VOTE: 'Yes' vote limits state's land use planning goals, and limits the requirement that local governments comply with those goals, to 'areas of critical state concern.'

"RESULT OF 'NO' VOTE: 'No' vote retains current law, which authorizes rules implementing statewide land use planning goals, and requires that local plans, ordinances be consistent with those goals.

"SUMMARY: Currently the state Land Conservation and Development Commission has authority to adopt rules and goals with statewide application and to review local plans and ordinances for consistency with those goals and rules. The goals and implementing rules protect and preserve resources such as farmland and forestland, promote

economic development and housing, and preserve other resources. Measure limits regulatory authority of commission to 'areas of critical state concern' to be proposed by the commission and designated by legislature. No such areas have been designated to date. Measure also limits application of uniform statewide land use planning goals adopted by the commission to such areas. Local comprehensive plans, land use decisions need not be consistent with statewide goals, except in 'areas of critical state concern.' Other provisions."

In reviewing the certified ballot title, we must determine whether it complies substantially with the requirements of ORS 250.035(2). *See* ORS 250.085(5) (stating standard of review).

1. *Hunnicutt v. Myers*

Petitioner Hunnicutt objects to the caption, result statements, and summary of the certified ballot title. We have examined each of his claims and have determined that none is well-taken. A detailed discussion of the reasons for our conclusion would not benefit the public, the bench, or the bar. The claims asserted by petitioner Hunnicutt do not demonstrate that the certified ballot title lacks substantial compliance with ORS 250.035(2).

2. *Stacey v. Myers*

Petitioner Stacey challenges each segment of the certified ballot title.

■ Stacey contends that the caption fails to identify the subject matter of the proposed measure because it is too vague and gives voters no clear picture of what is at stake. Stacey also argues that the word "limits," in context, misleads voters by implying that Oregon's land use goals will continue to apply to land that falls under the classification "areas of critical state concern" when, in fact, no such land designation (and no such goal enforcement) exists. He asserts that the unexplained statutory phrase, "areas of critical state concern," suggests inaccurately that goal enforcement will continue in those areas when, in reality, no such areas exist under current law.

The Attorney General responds that, aside from "syntactical problems," the certified caption is sufficient. The Attorney General agrees that, under current Oregon law, the legislature has designated no "areas of critical state concern," but points out that the legislature could create one or more of those designations in the future. He argues that vagueness is not a problem here because voters have acquired "sophistication as to land use issues" from initiative campaigns over the years. He also contends, finally, that no explanation of the phrase "areas of critical state concern" is required, and that that phrase is not politically charged because that phrase appears within quotation marks.

We agree with Stacey. The subject matter of the proposed measure, viewed in the context of current law, concerns the practical elimination of the requirement that state and local land use laws must be subject to, and consistent with, statewide land use goals. The Attorney General's caption does not grapple with the key fact that Oregon law presently does not designate any "areas of critical state concern." Thus, the proposed measure does not merely "limit" or restrict the operation of the land use goals to a specific area, *i.e.*, an "area of critical state concern." In effect, the proposed measure nullifies the current requirement that local government planning laws must comply with state land use planning laws.

It is no answer to suggest that future lawmaking might occur and might result in the designation of an "area of critical state concern." The ballot title statute properly focuses on the subject matter and the results of enactment of a proposed measure within the context of current Oregon law. Potential future lawmaking is not a part of the operation or effect of *this* proposed measure. We conclude, for the reasons expressed above, that the caption does not comply substantially with statutory requirements.

■ Stacey also challenges the "yes" vote result statement on the same ground discussed above in connection with the caption. The "yes" vote result statement repeats the substance of the caption and, in our view, reflects the same shortcoming that we have discussed above. That shortcoming requires modification on referral. Stacey challenges other

aspects of the "yes" vote result statement and also the "no" vote result statement, but we reject those challenges without discussion.

■ Stacey challenges the certified summary. Stacey complains that the Attorney General's summary fails to inform voters that the proposed measure eliminates the requirement that state and local land use plans must comply with statewide planning goals. Stacey is correct in arguing that a ballot title must state "up front" the practical effect of the enactment of the proposed measure. *See PGE v. Roberts*, 300 Or 148, 152, 707 P2d 1229 (1985) (although phrase "nuclear power operation" would permit voters to infer that proposed measure would affect Trojan nuclear power plant, court required ballot title amendment to state that effect "up front"). *See also Nakamoto v. Kulongoski*, 322 Or 181, 188, 904 P2d 165 (1995) (Attorney General's proposed revised summary did not summarize a major effect adequately "because it requires voters *to infer* that the measure would limit affirmative action programs currently authorized under Oregon [l]aw. The summary should state that information expressly." (Emphasis in original.)). We conclude, however, that the summary challenged here, when examined in its entirety, complies substantially with the standard that ORS 250.035(2)(d) and our cases identify.

Stacey challenges other aspects of the summary. We reject those challenges without discussion.

■ Changes to other parts of the ballot title that our decision requires may lead the Attorney General to make alterations in the summary on referral in the interest of compliance with ORS 250.035(2)(d). The Attorney General has the authority to make changes of that kind. *Kain / Waller v. Myers*, 337 Or 36, 47, 93 P3d 62 (2004); *Novick v. Myers*, 333 Or 12, 17, 35 P3d 1017 (2001).

For the reasons expressed above, we refer the certified ballot title to the Attorney General for modification. ORS 250.085(8).

Ballot title referred to Attorney General for modification.