FILED: August 6, 2009



IN THE SUPREME COURT OF THE STATE OF OREGON


JERRY CARUTHERS
and LARRY WOLF,

Petitioners,

v.



JOHN R. KROGER,
Attorney General,
State of Oregon,

Respondent.



(SC
S057315)



En Banc



On petition to review
ballot title filed April 30, 2009; considered and under advisement on July 1,
2009.



Aruna A. Masih,
Bennett, Hartman, Morris & Kaplan LLP, Portland, filed the petition and the
reply memorandum for petitioners.



Erin C. Lagesen,
Assistant Attorney General, Salem, filed the answering memorandum for
respondent.  With her on the memorandum were John R. Kroger, Attorney General,
and Jerome Lidz, Solicitor General.



Nathan R. Rietmann,
Salem, filed a brief for amicus curiae Jim Greenfield.



BALMER, J.



The ballot title is
referred to the Attorney General for modification.



BALMER, J.

Petitioners seek review of the
Attorney General's certified ballot title for Initiative Petition 34 (2010).  See
ORS 250.085(2) (specifying requirements for seeking review of certified
ballot title).  This court reviews the certified ballot title to determine
whether it substantially complies with ORS 250.035(2).  See ORS
250.085(5) (stating standard of review).  For the reasons explained below, we
refer the ballot title to the Attorney General for modification.

Initiative Petition 34, if enacted,
would amend Oregon law to provide that "no public resource shall be used
to collect or help collect money used for a political purpose."  The
measure defines "public resources"(1)
to include "public money, public employee time on the job during working
hours, and public buildings, equipment and supplies."  It further states
that "a resource shall be deemed to have been used, even if the public
entity is reimbursed for the cost of using or providing it * * *."  The proposed
measure defines "political purpose" to include, among other things,
contributions or independent expenditures in support of or in opposition to a
candidate, political party, or initiative or referendum.  The measure would
penalize any person or entity that uses for a political purpose money collected
in whole or in part through the use of "a public resource" or that
"commingles" money so collected with "political funds."  If
a person or entity violates the prohibition, then the person or entity must pay
a civil penalty of twice the amount of money spent in violation of the measure,
and, thereafter, "no public employer or government entity shall collect
money for any purpose for that person or entity."

The Attorney General certified the
following ballot title for Initiative Petition 34:


"PENALIZES INDIVIDUALS, ENTITIES FOR USING FUNDS COLLECTED WITH
'PUBLIC RESOURCE' (DEFINED) FOR 'POLITICAL PURPOSE' (DEFINED).

"RESULT OF 'YES' VOTE:  'Yes' vote
prohibits individuals, entities from using money for 'political purpose'
(defined) if collected with 'public resource' (defined) or commingled with such
money; mandates penalties.

"RESULT OF 'NO' VOTE:  'No' vote retains
current law, which does not restrict individuals', entities' use of money
collected with public resources, or commingling such money with 'political'
funds.

"SUMMARY:  Current law allows individuals,
entities to use money for 'political purposes,' including money collected with
'public resources.'  Measure prohibits individuals, organizations, other
entities from using money for 'political purposes' if 'public resources' were
used in collecting it.  'Money' includes in-kind contributions, independent expenditures,
pass-through contributions.  'Public resources' include money, public employee
work time, buildings, equipment, supplies, excluding resources used in
preparing, circulating official voters' pamphlet, conducting election.  'Used
for political purpose' means:  contributed to candidate, political committee,
political party, initiative/referendum committee; spent supporting, opposing
candidate, ballot measure, gathering signatures for proposed measure, petition;
excludes certain lobbying activities.  Mandates civil penalties; bars
government from collecting money for entity that uses such money for 'political
purpose' or commingles it with 'political' money.  Other provisions."


Petitioners are electors who timely
submitted written comments to the Secretary of State concerning the content of
the Attorney General's draft ballot title and who therefore are entitled to
seek review of the resulting certified ballot title in this court.  See ORS
250.085(2) (stating that requirement).  Petitioners challenge the caption, the
"yes" and "no" vote result statements, and the summary.

A ballot title must contain a caption
"that reasonably identifies the subject matter" of the proposed measure. 
ORS 250.035(2).  Petitioners assert that the caption of the certified ballot
title, which focuses on the fact that the measure "penalizes"
individuals and entities that "us[e]" for a political purpose funds
collected for them by means of a public resource, understates the scope of the
measure and thus does not properly identify the subject of the measure.  The
caption understates the scope of the measure, petitioners argue, because the
prohibition on the use of public resources to collect such money affects not only
individuals and entities who use that money and for whom the measure
establishes specific penalties, but also others, such as public employers, that
may be involved in collecting the money.  Petitioners state that "the
restriction is the central subject of the measure and the penalty only the
consequence of a violation of that prohibition."  The Attorney General
responds that the penalties are a key aspect of the measure and that, by
specifying that those who use money collected with "public resources"
for "political purposes" will be penalized, the certified caption
informs voters about what the measure prohibits and also that the measure contains
an enforcement mechanism.  

On balance, we agree with
petitioners.  The Attorney General is certainly correct that the penalty
provision is an important part of the measure, and those subject to the
penalties -- individuals and entities that use for a political purpose money
collected by means of a public resource -- doubtless have an interest in
knowing the penalty for violating the prohibition.  However, the measure also
restricts the conduct of other entities, including public employers and other
governmental entities, that are not subject to any specific penalty.  Moreover,
the prohibition directly affects yet another group -- public employees who may
wish to contribute through a payroll deduction or similar procedure to an
entity that uses some of the money collected for a political purpose.  Thus, in
our view, the prohibition in the measure is broader than the caption suggests.  The
emphasis in the certified caption on the individuals and entities that are
subject to specific penalties comes at the expense of the identification of the
prohibition itself.  That prohibition, which is plainly stated in the first
sentence of the measure, quoted above, must be referred to in the caption.(2)

Petitioners assert that the caption also
fails to meet the statutory standard because of other alleged deficiencies, but
we do not find those arguments to be well taken.  We also reject without
discussion petitioners' challenge to the "yes" vote result statement in
the certified ballot title.  

Petitioners also challenge the
"no" vote result statement.  They argue that the statement fails to
make clear that current law allows individuals and entities to spend their own
money for political purposes, whether or not any part of that money was
collected with public resources.  Although the specifics of petitioners'
argument are not entirely clear, petitioners appear to have two concerns.  First,
they are concerned that, because the "no" vote result statement
states that current law does not restrict the use of "money collected with
public resources," voters may mistakenly understand that current law
allows the use of "public" money for political purposes, rather than only
money of public employees that those employees choose to contribute -- for
example, through a payroll deduction plan -- to a union or other organization. 
Second, they suggest that the statement fails to make clear that current law
imposes no restrictions on the use of money collected from individuals by means
of public resources -- or on the use of other funds of an individual or
organization with which money gathered by means of public resources may be
commingled.  

We sympathize with the task of the
Attorney General in seeking to describe current law as it contrasts with the
complicated restrictions that the measure would impose.  We do agree, however,
with both of petitioners' concerns.  Some change should be made to the
"no" vote result statement to make it clear that the money referred
to is the employees' own money, rather than "public" money, and that
current law imposes no restrictions on the way individuals or entities may use
their own money, whether or not that money was collected, in whole or in part,
by means of public resources.

Finally, petitioners argue that the
certified summary fails to accurately summarize the measure in several respects. 
We agree with one of petitioners' arguments.  As noted above, the measure
provides that a "public resource" has been "used" even if
the public entity is reimbursed for the cost of using or providing the
resource.  The summary does not describe that aspect of the definition of
"public resource."  Petitioners argue that the summary should inform
voters that "even where there is no expenditure of public resources, i.e.[,]
when the cost of such resources is reimbursed, the measure prohibits use of
such funds for 'political purpose' or maintenance of such funds with funds used
for 'political purpose.'"  The Attorney General responds that the
certified summary accurately summarizes the proposed measure because it
describes the flat prohibition on the use for political purposes of funds
collected using public resources.  The Attorney General asserts that voters
will understand that "any use of public resources to collect [money that
is used for a political purpose], without exception, triggers the restriction *
* *."  

We agree with petitioners.  Absent
the proposed measure's definition of "public resources" as including
any use of public resources, even if reimbursed, one could make a reasonable
argument that, if there is no net expenditure of public resources, no public
resources were used.  The measure appears to foreclose that interpretation, and
voters must be informed of that aspect of the measure.

The ballot title is referred to the Attorney
General for modification.





1. The
prohibition in Initiative Petition 34 uses the term "public
resource," while the definition refers to "public resources."

Return to previous location.



2. Petitioners
did not challenge the "yes" and "no" vote result statements
or the summary on the grounds just discussed.  However, changes to the caption
that are required based on this decision may lead the Attorney General to make
alterations in other parts of the ballot title in the interest of compliance
with ORS 250.035(2)(b) to (d).  The Attorney General has the authority to make
changes of that kind.  See Hunnicutt/Stacey v. Myers, 343 Or 387, 393,
171 P3d 349 (2007) (so noting).

Return to previous location.