On petition to review ballot title filed October 12, considered and under advisement December 2, 2009, ballot title referred to Attorney General for modification February 4, modified ballot title certified February 18, 2010 (347 Or 719)

## Steven C. BERMAN,
*Petitioner,*

*v.*

## John R. KROGER,
Attorney General,
State of Oregon,
*Respondent.*

### (SC S057885)

227 P3d 692

Aruna A. Masih, Bennett, Hartman, Morris & Kaplan, LLP, Portland, filed the petition and reply memorandum for petitioner.

Rolf C. Moan, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him on the memorandum were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

BALMER, J.

**BALMER, J.**

Petitioner seeks review of the Attorney General's certified ballot title for Initiative Petition 59 (2010). *See* ORS 250.085(2) (specifying requirements for seeking review of certified ballot title). This court reviews the certified ballot title to determine whether it substantially complies with ORS 250.035(2). *See* ORS 250.085(5) (stating standard of review). For the reasons explained below, we refer the ballot title to the Attorney General for modification.

Initiative Petition 59, if enacted, would change the authority of courts imposing sentences for felony crimes by making the existing felony sentencing guidelines "advisory only." The proposed measure states that it would give those courts "discretion" to impose any term of incarceration, any fine, and any other penalty, up to the maximum allowed by law. It also provides that the measure would not affect any existing mandatory minimum sentencing statutes.

The Attorney General certified the following ballot title for Initiative Petition 59:

**"Makes sentencing guidelines (which create presumptive sentence lengths) advisory, grants discretion to impose maximum sentences**

**"Result of 'Yes' Vote:** 'Yes' vote makes sentencing guidelines (which create presumptive sentence lengths based on felony, offender's history) advisory; grants discretion to impose sentences up to maximum allowed.

**"Result of 'No' Vote:** 'No' vote retains sentencing guidelines (which create presumptive sentence lengths based on particular felony, offender's history, while permitting upward, downward departures for substantial, compelling reasons).

**"Summary:** Current law requires (through the state sentencing guidelines) felony prison terms of presumptive lengths based on the particular crime and on the offender's history, while permitting courts to depart upward or downward for substantial, compelling reasons. Current law generally creates 20-year maximum prison terms for Class A felonies, 10-year maximum terms for Class B felonies, and

five-year maximum terms for Class C felonies, but for certain felonies requires a minimum term exceeding the maximum that otherwise would apply. Measure makes sentencing guidelines advisory; gives courts discretion to impose sentences up to the maximum allowed by current law; does not affect or restrict current mandatory minimum prison sentence statutes; measure applies to sentences imposed for felonies committed on or after January 1, 2011."

Petitioner is an elector who timely submitted written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title and who therefore is entitled to seek review of the resulting certified ballot title in this court. *See* ORS 250.085(2) (stating that requirement). Petitioner challenges the caption, the "yes" and "no" vote result statements, and the summary.

■     Petitioner asserts that the certified caption, by focusing on the discretion that the measure would give to sentencing courts to impose the "maximum sentences" allowed by law, fails to disclose that it also would give those courts discretion to impose the lowest statutorily permissible sentence. Petitioner notes—and the Attorney General does not disagree—that, by making the sentencing guidelines advisory only, the measure would give a sentencing court discretion to impose a greater *or lesser* sentence than the presumptive guidelines sentence. By mentioning only the discretion to impose maximum sentences, petitioner argues, the certified caption tells only half the story.

The Attorney General responds that the reference in the first part of the caption to the fact that the measure would make the sentencing guidelines advisory adequately informs the reader that the sentencing court would be able to impose either a greater or a lesser sentence than the presumptive guidelines sentence. Additionally, the Attorney General asserts that the phrase "grants discretion to impose maximum sentences" should be included because it mirrors a provision in the proposed measure and, if that phrase did not appear in the measure, "the measure would permit sentencing courts to impose any sentence at all, without any limitation."

We agree with petitioner. There is no dispute that, by making the sentencing guidelines advisory only, the measure would give a sentencing court the discretion to impose a sentence between the minimum and the maximum allowed by other statutory provisions. By focusing on the maximum alone, the certified caption is misleading. Although, as the Attorney General points out, the measure itself states that the sentencing court may impose a sentence "up to the maximum," nothing in the measure makes any change to any existing statutory maximum or minimum sentencing provision, other than by making the guidelines advisory only. Thus, the measure would permit sentencing courts to impose sentences that are higher *or* lower than those in the sentencing guidelines. Because the caption refers only to the courts' discretion to "impose maximum sentences," rather than indicating that courts would be able to impose any sentence permitted by law, the caption is misleading and must be modified.

■ Petitioner similarly objects to wording in the "yes" vote result statement and in the summary. Unlike the caption, the "yes" vote result statement and the summary track the wording of the measure, stating that the measure would give sentencing courts discretion to impose sentences "up to" the maximum allowed, rather than stating that the measure would give courts "discretion to impose maximum sentences." The "yes" vote result statement and the summary are nevertheless misleading for the reasons set out above. They focus on the court's discretion to impose sentences "up to" the "maximum," without acknowledging that courts would also be able to impose sentences down to the minimum allowed by law. We therefore agree with petitioner that the "yes" vote result statement and the summary must be modified.

Petitioner raises an additional objection to the "yes" vote result statement and also argues that the "no" vote result statement should be modified, although petitioner concedes that the "no" vote result statement is accurate. We reject those challenges without discussion.

The ballot title is referred to the Attorney General for modification.