No. 33 May 26, 2016 601

IN THE SUPREME COURT OF THE
STATE OF OREGON

Heather CONROY;
Margaret ("Maggie") Neel, an individual elector;
Mike Forest, an individual elector;
Hanna Vaandering; Trent Lutz;
and Richard Schwarz,
*Petitioners,*

*v.*

Ellen ROSENBLUM,
Attorney General, State of Oregon,
*Respondent.*

(SC S063735)

En Banc

On petitioners' objections to modified ballot title filed April 7, 2016; considered and under advisement on April 26, 2016.

Steven C. Berman, Stoll Stoll Berne Lokting & Shlachter, P.C., Portland, filed the objections for petitioner Heather Conroy.

Nathan R. Rietmann, Salem, filed the objections for petitioners Margaret ("Maggie") Neel and Mike Forest.

Aruna A. Masih, Bennett, Hartman, Morris & Kaplan, LLP, Portland, filed the response to the objections of petitioners Margaret ("Maggie") Neel and Mike Forest for petitioners Hanna Vaandering, Trent Lutz, and Richard Schwarz.

No appearance on behalf of respondent.

WALTERS, J.

The modified ballot title is referred to the Attorney General for additional modification.

**WALTERS, J.**

This ballot title review proceeding is before us for a second time. Previously, we referred the Attorney General's certified ballot for Initiative Petition 62 (2016) (IP 62) for modification. *Conroy v. Rosenblum*, 358 Or 807, __ P3d __ (2016). The Attorney General has prepared and filed a modified ballot title, which two sets of petitioners now challenge. *See* ORS 250.085(10) (prescribing procedure for addressing objections to a modified ballot title). For the reasons that follow, we find certain of the objections to be well taken, and we refer the modified ballot title to the Attorney General for additional modification.

IP 62 applies to public employees (employees) and public employee labor organizations (unions). If adopted by the voters, IP 62 would amend several provisions of the Oregon Public Employee Collective Bargaining Act. In our earlier opinion, we described the proposed measure as follows:

> "Currently, unions set their own membership terms and dues structures. There are constitutional and statutory limits on amounts that nonmembers may be required to pay for union activities, but there are no such limits on the dues that members may be required to pay. IP 62 would flip that arrangement, and, instead of imposing limits on payments by nonmembers, would impose limits on dues paid by union members. IP 62 § 3(2)(a) and (b); § 5(1). Instead of permitting unions to charge dues to defray any and all union expenses, the measure would limit dues to an amount necessary and reasonable to defray the costs of bargaining on matters concerning "employment relations." IP 62 § 3(2)(b). The measure would permit a union to collect additional revenue to defray other expenses only by obtaining an employee's affirmative written consent to make such payments on a form prescribed by statute. IP 62 § 6(1)(c); § 6(3)."

*Conroy*, 358 Or at 812-13. For convenience, we set out the Attorney General's modified ballot title for the proposed measure:

> "**Limits public employee union members'
> obligations; employees might benefit without
> sharing bargaining costs. Authorizes lawsuits.**

"**Result of 'Yes' Vote**: 'Yes' vote changes public employee union members' obligations, limiting dues required of members; might allow employees to benefit from representation without sharing costs. Authorizes lawsuits.

"**Result of 'No' Vote**:   'No' vote retains public employee unions' authority to set membership obligations, require union-represented public employees to share representation/bargaining costs union legally must provide.

"**Summary**:   Current law allows public employees to bargain collectively through a union. Union may require membership dues to fund expenditures related to all representation/bargaining and other union activities. Collective bargaining agreements can require represented nonmembers to pay fees, but not for union activities unrelated to representation/bargaining. Measure prohibits requiring any dues/fees that fund activities not 'reasonably and necessarily' incurred for union representation/bargaining concerning 'employment relations' (defined). 'Employment relations' includes all subjects on which unions, employers must bargain, but not all subjects on which they may bargain; thus, employees might benefit from representation/bargaining without sharing costs. Union may separately collect itemized payments for other representation/bargaining activities, and other union activities from employee who authorizes additional amounts. Authorizes enforcement lawsuits. Other provisions."

We review a modified ballot title to determine whether it substantially complies with the statutory requirements of ORS 250.035. *See* ORS 250.085(9) (stating standard of review). *See also Nesbitt v. Myers*, 335 Or 424, 427, 71 P3d 530 (2003) ("Our review of a modified ballot title has the same scope as our review of a certified ballot title[.]").

Two sets of petitioners, petitioners Neel and Forest, and petitioner Conroy, challenge the modified ballot title.[1] As an initial matter, petitioners Neel and Forest generally object to the modified ballot title as a whole, maintaining

---

[1] Petitioners Vaandering, Lutz, and Schwarz did not file a timely objection to the modified ballot title. Instead, they filed a response to the objection of petitioners Neel and Forest. Much of that response overlaps with the objections made by petitioner Conroy and does not require separate discussion. Petitioners' further response to the objections of petitioners Neel and Forest is without merit, and we do not discuss it further.

that the ballot title review process has caused important, previously identified effects or results to become lost. They contend that the modified ballot title no longer reasonably identifies the actual major effect of the measure, which they identify as (1) limiting the dues that public employee unions may charge as a condition of membership and; (2) requiring unions to obtain member authorization before collecting money used for certain purposes. Petitioners Neel and Forest also object more specifically to the modified caption and argue that the problems that they identify with respect to the caption also inhere in the modified "yes" and "no" result statements and modified summary. Petitioner Conroy also objects to all parts of the modified ballot title, except the modified "no" result statement. We begin our analysis with the parties' objections to the modified caption.

## MODIFIED CAPTION

Petitioners Neel and Forest set out two main objections to the modified caption. First, they claim that the phrase "limits public employee union members' obligations" is vague and overbroad and is likely to mislead and confuse voters. They note that the reference to "obligations" fails to give readers any sense of what obligations would be limited or to whom the obligations may be owed (*e.g.*, from union members to public employer, other union members, the public, or themselves). They also stress that the caption does not inform voters that, under IP 62, as this court described it, "a union would no longer have the authority to set its own membership requirements and to defray its costs through its dues structure." *Conroy*, 358 Or at 813. Instead, they assert, the caption focuses on "limits" on "union members," which they suggest is misleading because IP 62 explicitly grants *rights* to employees; the *limits* that it imposes are on unions, not union members.

We agree that the phrase "limits public employee union members' obligations" is vague and potentially misleading. *See Girod v. Kroger*, 351 Or 389, 397, 268 P3d 562 (2011), quoting *Hunnicutt/Stacey v. Myers*, 343 Or 387, 391, 171 P3d 349 (2007) (caption may fail to comply with statutory requirements of ORS 250.035(2)(a) if it is "too vague

and gives voters no clear picture of what is at stake."). As we stated previously, under IP 62, "a union would no longer have the authority to set its own membership requirements and to defray its costs through its dues structure." *Conroy*, 358 Or at 813. The modified caption does not explain those changes. Instead, it refers to "obligations" in conjunction with "public employee union members." The modified caption is vague in that it does not describe the obligations to which it refers and to whom they are owed, but it also is potentially misleading. IP 62 does not expressly impose any obligation on union members. Instead, IP 62 purports to offer union members certain "rights." IP 62 § 3(2). IP 62 does, however, expressly impose obligations—and restrictions—on unions themselves. For example, IP 62 requires unions to offer a membership structure that protects the rights of public employees (defined elsewhere in the measure), as a condition of certification of the union as an exclusive representative. IP 62 §§ 4(1), 5. For the reasons identified by petitioners Neel and Forest, the Attorney General again must modify the caption to correctly capture the changes that IP 62 would make.

Next, petitioners Neel and Forest object to the phrase "employees might benefit without sharing bargaining costs." They contend that, as used to describe IP 62, that phrase is "underinclusive, inaccurate, misleading, politically loaded," and fails to reasonably identify the actual major effect of the proposed initiative measure. In making that argument, petitioners appear to acknowledge, as we explained previously, that a union could voluntarily engage in permissive bargaining and obtain a contractual term applicable to everyone in the bargaining unit, but not be able to recover the expenses involved in doing so from those paying dues only for mandatory bargaining. However, they argue, such a contractual term may not be viewed as a "benefit" by all bargaining unit members. Thus, petitioners assert, there is only a *possibility* that members may obtain *benefits* without paying for the costs of obtaining those benefits. Instead of describing that possibility, petitioners argue, the caption should describe the *certainty* that, under IP 62, union members will not be required to pay for union activities that they may find objectionable.

Petitioner Conroy also objects to the phrase "employees might benefit without sharing bargaining costs," but for a different reason. She contends that the use of "might" is inaccurate and misleading because it improperly conveys to voters that the "free-rider" effect is speculative. That is wrong, she contends, because the potential for "free-riders" *will* exist if the initiative passes. According to petitioner, this court used the term "potential free-rider effect" because the extent to which a free-rider effect will arise in any specific scenario cannot be determined at this juncture. Additionally, petitioner claims that use of the word "might" is flawed because it inaccurately implies that some (non-union) bargaining unit employees would receive different benefits than other (union) bargaining unit employees. In fact, petitioner explains, any benefit that a union obtains must be made available to all employees in the bargaining unit.

The argument of petitioners Neel and Forest about whether and to what extent "free-riders" will exist misses the larger point.[2] It may not be a certainty that there will *be* "free-riders," but it is a certainty that IP 62 will *permit* "free-riders." For that reason, we agree with petitioner Conroy that use of the word "might" in the caption is inaccurate. It does not adequately convey to voters the potential "free-rider" effect that we previously identified. The modified caption must be further modified to correct that deficiency.

We turn next to petitioner Conroy's second challenge to the modified caption. Petitioner observes that it refers only to "bargaining costs," and not also to the representation services that a union is required to provide to non-dues-paying employees, and contends that the modified caption therefore is underinclusive. She asserts that because the initiative will allow "free-riders" to avoid paying both bargaining and representation costs, the caption must be further modified to correct that omission. In that regard, she also notes the lack of symmetry between the modified caption, on the one hand, and the modified "no" result statement

---

[2] Petitioners Neel and Forest also appear to be rearguing a point that the court already has decided against them. *See Conroy*, 358 at 816 ("[T]he ballot title for IP 62 must inform voters that, under that measure, employees need not share in a union's total representation costs.").

and modified summary (which refer to "representation/bargaining" activities and costs), on the other hand.

We agree that the inconsistent use of the terms "bargaining" and "representation/bargaining" in the modified ballot title may cause voter confusion. Given that the Attorney General is required to make other changes to the ballot title, we suggest that she use the same term—representation/bargaining—throughout.

## MODIFIED RESULT STATEMENTS

As noted, both sets of petitioners object to the modified result statements. They argue that the same deficiencies evident in the caption reappear there. With respect to the "yes" result statement, we agree.[3] The reference to "public employee union members' obligations" in the "yes" result statement is similarly vague and misleading, and the phrase "might allow employees to benefit from representation without sharing costs" does not sufficiently identify the "free-rider" problem that we have described. Petitioner Conroy also notes that the "yes" result statement presents the converse of the problem that she identified in the caption—it states that employees might benefit from "representation" without sharing costs, but ignores the benefits and costs of bargaining. We again suggest that the Attorney General use the same term—representation/bargaining—that she uses in the modified "no" result statement and modified summary.

## MODIFIED SUMMARY

Finally, petitioner Conroy objects to the modified summary because it also states, in her view inaccurately, that "employees *might* benefit from representation/bargaining without sharing costs." (Emphasis added). For the same reasons that we identified with respect to the modified caption, the modified summary also must make clear that IP 62 will permit employees to benefit without sharing costs.[4]

---

[3] We have considered the additional objections of petitioners Neel and Forest to the modified "yes" result and "no" result statements and conclude that they are not well taken.

[4] Because we already have rejected the objection of petitioners Neel and Forest to the part of the modified caption that attempts to describe the "free-rider"

## SUGGESTED BALLOT TITLE

We understand how difficult it is to fit complex concepts into few words and maintain accuracy. With the hope of helping and not hindering, we offer the following as an example of a ballot title that the Attorney General may wish to consider:

**Limits public union membership terms, dues/fees. Permits employees to benefit without sharing costs. Authorizes lawsuits.**

**Result of "Yes" Vote**: "Yes" vote limits public union membership terms and dues/fees required of members; permits employees to benefit from representation/bargaining without sharing costs. Authorizes lawsuits.

**Result of "No" Vote**: "No'" vote retains public employee unions' authority to set membership obligations, require union-represented public employees to share representation/bargaining costs union legally must provide.

**Summary**: Current law allows public employees to bargain collectively through a union. Union may require membership dues to fund expenditures related to all representation/bargaining and other union activities. Collective bargaining agreements can require represented nonmembers to pay fees, but not for union activities unrelated to representation/bargaining. Measure prohibits requiring any dues/fees that fund activities not 'reasonably and necessarily' incurred for union representation/bargaining concerning 'employment relations' (defined). 'Employment relations' includes all subjects on which unions, employers must bargain, but not all subjects on which they may bargain; thus, measure permits employees to benefit from representation/bargaining without sharing costs. Union may separately collect itemized payments for other representation/bargaining activities, and other union activities from employee who authorizes additional amounts. Authorizes enforcement lawsuits. Other provisions.

The modified ballot title is referred to the Attorney General for additional modification.

_____

problem, we similarly reject their objection to the modified summary on the same basis. We also note that the additional objections of petitioners Neel and Forest to the modified summary are not well taken.