No. 76          December 8, 2016          645

IN THE SUPREME COURT OF THE
STATE OF OREGON

Jeff JIMERSON,
Marylin Shannon,
and Suzanne Belatti,
*Petitioners,*

*v.*

Ellen F. ROSENBLUM,
Attorney General, State of Oregon,
*Respondent.*

(SC S064348)

On petition to review ballot title filed September 6, 2016; considered and under advisement October 25, 2016.

Jill O. Gibson, Gibson Law Firm LLC, Portland, filed the petition for review and reply memorandum for petitioners.

Shannon T. Reel, Assistant Attorney General, Salem, filed the answering memorandum for respondent. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Margaret S. Olney, Bennett Hartman Morris, Portland, filed the brief for *amici curiae* Stacy Cross, Lisa Gardner, Chantal Downing, Kimberly McCullough, Michele Stranger Hunter, and Kara Carmosino.

BALDWIN, J.

The ballot title is referred to the Attorney General for modification.

**BALDWIN, J.**

Petitioners seek review of the Attorney General's certified ballot title for Initiative Petition (IP) 1 (2018), contending that the "yes" and "no" result statements and the summary do not comply with the requirements set out in ORS 250.035(2). We review the certified ballot title to determine whether it substantially complies with those requirements. *See* ORS 250.085(5) (setting out that standard). For the reasons explained below, we refer the ballot title to the Attorney General for modification of the summary.

IP 1 is a proposed amendment to the Oregon Constitution that, if approved, would prohibit public funding for abortions, "except when medically necessary or as may be required by federal law." Section 1 of IP 1 sets out that general prohibition, and Section 2 sets out several related definitions. Section 3 sets out two exceptions to the prohibition in Section 1; the first exception is as follows:

> "Public funds may be spent to pay for an abortion when federal law requires states to provide funding for abortions, such as in circumstances including rape or incest, in which case this [new constitutional provision] shall be applied consistent with federal law to the extent the federal requirement is found to be constitutional."

IP 1, § 3(1). Section 4 provides that nothing in the proposed amendment "shall be construed as prohibiting the expenditure of public funds to pay for health insurance," so long as "such funds are not spent to pay or reimburse for the costs of performing abortions."

The Attorney General drafted a ballot title for IP 1, ORS 250.065(3), and the Secretary of State circulated that title for public comment, ORS 250.067(1). After receiving comments, the Attorney General modified the draft ballot title, ORS 250.067(2)(a), and certified the following ballot title to the Secretary of State:

> **"Amends Constitution: Prohibits spending 'public funds' (defined) directly/indirectly for 'abortion' (defined); exceptions; reduces abortion access**

> **"Result of 'Yes' Vote:**    'Yes' vote amends constitution, prohibits spending 'public funds' (defined) directly/indirectly

for any 'abortion' (defined), health plans/insurance covering 'abortion'; limited exceptions; reduces abortion access.

"**Result of 'No' Vote:** 'No' vote retains current law that places no restrictions on spending public funds for abortion or health plans covering abortion when approved by medical professional.

"**Summary:** Amends Constitution. Under current law, abortions may be obtained, when approved by medical professional, under state-funded health plans or under health insurance procured by or through a public employer or other public service. Measure amends constitution to prohibit spending 'public funds' (defined) for 'abortion' (defined) or health benefit plans that cover 'abortion.' Measure defines 'abortion,' in part, as 'purposeful termination of a clinically diagnosed pregnancy.' Exception for ectopic pregnancy and for pregnant women in danger of death due to her physical condition. Exception for spending required by federal law, if requirement is 'found to be constitutional.' No exception for pregnancy resulting from rape or incest. Effect on spending by public entities other than the state is unclear. Measure reduces access to abortion. Other provisions."

Petitioners are the chief petitioners for IP 1 and also are electors who timely submitted comments about the Attorney General's draft ballot title for IP 1 and who now are dissatisfied with the certified ballot title, ORS 250.085(2). They challenge the "yes" and "no" result statements and the summary, including aspects that the Attorney General added after the comment period ended. *See* ORS 250.085(6) (permitting consideration of such arguments). We have considered petitioners' arguments regarding the "yes" and "no" result statements in the certified title, and conclude that those statements substantially comply with statutory requirements. *See* ORS 250.035(2)(b), (c) ("yes" result statement must set out simple and understandable statement, within 25-word limit, that describes result if proposed measure approved; "no" result statement must describe, within 25-word limit, result if proposed measure is rejected). As explained below, however, we agree with one of petitioners' arguments challenging the summary, and we therefore refer the summary to the Attorney General for modification.

As noted, IP 1 contains an exception based on "federal law," to the effect that public funds may pay for abortions when federal law requires states to provide abortion funding, "such as in circumstances including rape or incest," so long as the federal requirement is constitutional. IP 1, § 3(1). The certified summary accurately (but only generally) refers to that exception in the sentence that states, "Exception for spending required by federal law, if requirement is 'found to be constitutional.'" Petitioners argue, however, that the following sentence in the summary—"[n]o exception for pregnancy resulting from rape or incest"—is speculative and misleading. Specifically, in their view, that sentence is based on the Attorney General's legal interpretation that current federal law does *not* require state spending for abortion in instances of rape or incest. Petitioners contend, however, that current federal law is unclear, and so the Attorney General may not speculate how that issue might be resolved and how it will affect the measure. *See* ORS 250.035(2)(d) (summary must set out concise and impartial statement, within 125-word limit, summarizing measure and major effect); *Conroy v. Rosenblum*, 358 Or 807, 815, 371 P3d 1180 (2016) (when legal effect of measure unclear, court will not speculate about it).

The Attorney General responds that the sentence at issue is accurate. She explains that the "federal law" exception in IP 1 applies to federal law that "*requires*" states to provide abortion funding (emphasis added), "such as in circumstances including rape or incest." IP 1, § 3(1). Current federal law, she continues, "allows" state abortion funding in circumstances of rape or incest, but does not "require[]" such funding.[1] Thus, current federal law does not fall within the exception, and the summary therefore correctly states that IP 1 does not provide an exception for public funding of abortions in instances of rape or incest. *Amici* add that, regardless of the state of federal law, IP 1 contains no rape or incest exceptions for purposes of state law; thus, the

---

[1] *See* Pub L 113-76, § 613, 128 Stat 227 (2014) (prohibition on appropriating public funds to pay for abortions); *id.* § 614 (exception to appropriations prohibition for abortions of pregnancies resulting from rape or incest, or when woman's life would be endangered if carried to term).

summary accurately explains that the proposed new state prohibition contains no such exception.

We agree with petitioners that the sentence, "No exception for pregnancy resulting from rape or incest[,]" is misleading and must be modified. That sentence suggests that IP 1 categorically would prohibit public spending for abortions in instances of rape or incest. But IP 1 does contain an exception—dependent on federal law—that may provide for public funding of abortion in those circumstances. Whether federal law currently "requires" such funding, IP 1, § 3(1)—or, in the future, may (or may not) require it— is uncertain, but it is inaccurate and misleading to state that IP 1 contains no such exception at all. *See Berman v. Kroger*, 347 Or 581, 584-85, 227 P3d 692 (2010) (aspects of ballot title, including summary, that focused on only partial application of proposed measure were impermissibly misleading); *Wolf v. Myers*, 343 Or 494, 501, 173 P3d 812 (2007) (although preparing ballot title necessarily requires some level of interpretation, when specific provision of measure subject to multiple interpretations, Attorney General may not choose one interpretation for purposes of ballot title). The summary therefore does not substantially comply with ORS 250.035(2)(d) and must be modified.

The ballot title is referred to the Attorney General for modification.