No. 59 November 9, 2017 143

IN THE SUPREME COURT OF THE
STATE OF OREGON

Matt SWANSON,
*Petitioner,*

*v.*

Ellen ROSENBLUM,
Attorney General, State of Oregon,
*Respondent.*

(S065181)

En Banc

On petition to review ballot title filed August 8, 2017; considered and under advisement on September 26, 2017.

Harry B. Wilson, Markowitz Herbold PC, Portland, filed the petition for review and the replying memorandum on behalf of petitioner.

Jacob Brown, Assistant Attorney General, Salem, filed the answering memorandum for respondent. Also on the memorandum were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

WALTERS, J.

The ballot title is referred to the Attorney General for modification.

**WALTERS, J.**

Petitioner seeks review of the Attorney General's certified ballot title for Initiative Petition 19 (2018) (IP 19), arguing that the ballot title caption does not satisfy the requirements of ORS 250.035(2)(a). We review a certified ballot title to determine whether it substantially complies with those statutory requirements. *See* ORS 250.085(5) (stating standard of review). For the reasons that follow, we refer the ballot title to the Attorney General for modification.

If adopted by voters, IP 19 would prohibit a person from serving as a member of the Legislative Assembly for more than eight years in any period of 12 years. Subject to certain exceptions,[1] IP 19 specifically provides that the state measure would apply "retroactively to limit service by any person who is a Representative or Senator upon the effective date of this Act, so that current or prior membership is included in the calculation of years of service."

The Attorney General certified the following ballot title caption for IP 19:

**"Limits service by state legislators: No more than eight years in any twelve-year period."**

Petitioner contends that that caption does not comply with ORS 250.035(2)(a), which provides that a ballot title's caption be no "more than 15 words that reasonably identif[y] the subject matter of the state measure." The "subject matter" of a measure is the "actual major effect" of the measure or, "if the measure has more than one major effect, all such effects (to the limit of the available words)." *Whitsett v. Kroger*, 348 Or 243, 247, 230 P3d 545 (2010).

---

[1] IP 19 identifies the following exceptions:

"a.) A Representative or Senator elected in the November 2018 election may serve out that full term, even if service in such position exceeds the time limitations of this Act.

"b.) A person who, at the time of passage of this Act, holds an office of Senator that continues until January 2021 may continue to serve in such position even if service in such position exceeds the time limitations of this Act."

Although petitioner acknowledges that the caption informs voters of one major effect of IP 19—its prohibition on years of service—petitioner contends that it fails to inform voters of another major effect—that the measure applies retroactively, with exceptions. In petitioner's view, the measure's retroactive application is an actual major effect of the measure for two reasons. First, petitioner submits, the proposed measure will begin to change the composition of the legislature in just two years, not in eight years, as voters reasonably might presume. Petitioner explains that, without notice to the contrary, voters reasonably could expect that legislators would not be subject to the measure's limitations on legislative service until they had served for eight years from the effective date of the measure; or, in other words, voters reasonably might believe that past legislative service would not be considered in applying the measure's prohibition. Second, petitioner contends, the measure's retroactive application is a major effect that must be signaled because, if the measure is enacted, it will prohibit many current legislators from completing their terms.

Addressing petitioner's first argument, the Attorney General submits that the caption does not include "temporal qualifications" and therefore adequately informs voters that its length-of-service limitation applies to all legislative service, including past and current service.[2] The Attorney General accepts that the caption could be more explicit; however, she argues, further detail is not required to "reasonably identif[y]" the measure's major effect. Voters are apprised of those details in the "Yes" vote statement and the summary portions of the ballot title, and, the Attorney General contends that that is sufficient.

Addressing petitioner's second argument, the Attorney General takes issue with petitioner's interpretation of the measure as prohibiting many current legislators from completing their terms. The Attorney General urges us not to rely on that "speculative" interpretation as a basis for requiring modification of the caption.

---

[2] The Attorney General notes that petitioner did not make his first argument when commenting on the Attorney Generals' draft ballot title. However, the Attorney General does not contend that that failure forecloses our consideration of petitioner's argument and, instead, addresses its merits.

For the following reasons, we agree with petitioner's first argument and refer the ballot title to the Attorney General for modification. As a result, we need not, and do not, address petitioner's second argument.

As noted, ORS 250.035(2)(a) requires a ballot title's caption to reasonably identify the "subject matter" of the proposed measure. "To determine the subject matter of a proposed measure, we first examine its words and the changes, if any, that the proposed measure would enact in the context of existing law." *Kain/Waller v. Myers*, 337 Or 36, 41, 93 P3d 62 (2004). "We then examine the words of the caption to determine whether they reasonably identify the proposed measure's subject matter"—*i.e.*, its major effect, or, if more than one, all such effects (to the limit of the available words). *Id.*; *see Whitsett*, 348 Or at 247 (defining "subject matter").

Currently, there is no term-limit restriction on a state legislator's service. If adopted, IP 19 would limit service by state legislators and would prohibit them from serving more than eight years in any period of 12 years. The certified ballot title caption informs voters of that change in the law. However, although the measure specifically provides that "current or prior membership is included in the calculation of years of service," the certified caption does not convey that information. We agree with petitioner that that aspect of the measure is one of its major effects. If current or prior membership were not used in determining a legislator's years of service, then the measure would not begin to affect the composition of the state legislature for eight years. Because current and prior membership is included in that determination, the measure's effect would be more immediate. Thus, the actual impact of the measure on the legislature's composition is a major effect that must be described in the ballot title's caption.

The Attorney General does not disagree but contends that the certified caption suffices to "reasonably identif[y]" that major effect. The Attorney General argues that the lack of temporal limitation in the caption is sufficiently informative and, citing *Conroy v. Rosenblum*, 358 Or 807, 816, 371 P3d 1180 (2016), that, although the caption could be more specific, the detail that petitioner seeks is unnecessary

and appears in the "Yes" vote result statement and summary. The Attorney General is incorrect in that analysis.

The caption is the cornerstone of the ballot title and must describe "the proposed measure's subject matter 'accurately and in terms that will not confuse or mislead potential petition signers and voters.'" *Kain/Waller*, 337 Or at 40 (quoting *Greene v. Kulongoski*, 322 Or 169, 174-75, 903 P2d 366 (1995)). Although, as we indicated in *Conroy*, there may be instances in which a measure is complex and its details are appropriately left to other parts of the ballot title, those instances are ones in which the caption accurately identifies the major effects of a measure in terms that will not confuse voters. 358 Or at 816. Here, the certified ballot title does not meet that standard. Without further information, voters reasonably could think that the measure is prospective only; that is, only legislative service after the effective date of the measure will affect a legislator's continued service. To make the ballot title caption for IP 19 sufficiently informative and clear, the Attorney General must describe its retroactive effect. *See Kain v. Myers (S49089)*, 333 Or 446, 449, 41 P3d 416 (2002) (even though caption did not include temporal limitation, Attorney General conceded and court concluded modification required when caption failed to state that proposed measure, if adopted, would apply retroactively).

The ballot title is referred to the Attorney General for modification.